NEWYORK,
August, 1814.

M'CUTCHEN
v.
M'GAHAY.

## M'CUTCHEN *against* M'GAHAY.

IN ERROR, on *certiorari*, from a justice's court. *M'Cutchen* brought an action of *assumpsit* against *M'Gahay*, for board and lodging furnished by the plaintiff to *Ellen*, the wife of the defendant.

The plaintiff, who is the father of the defendant's wife, furnished her with meat, drink, and lodging, in his family, during which time she was in ill health. *M'Gahay* was married to *Ellen* about the year 1801. The following advertisement was inserted in a newspaper, printed in *Orange* county: "Whereas my wife, *Ellen M'Gahay*, has left my bed and board, without any provocation, this is to forewarn all persons crediting her on my account, as I am determined to pay no debts of her contracting. 4th of *May*, 1801, *Owen M'Gahay*."

In the summer of 1813, the defendant's wife applied to an overseer of the poor of *Newburgh* for support, and the overseer called on the defendant to support her, and the defendant answered "that she left him twelve years ago, &c. and that he would have nothing to do with her." About the same time she directed a person to go to the defendant, and endeavour to effect a reconciliation between her and her husband, but though requested to go with the person to her husband, for that purpose, she refused. The defendant refused to listen to the request to take back his wife. The person who applied to him, did not state that he was authorized or requested by the wife to make the application.

The defendant proved that about ten years ago, without any misconduct on his part, his wife refused to live with him any longer, and accordingly left him, without his consent, and contrary to his entreaties; that she left with the defendant a child of the age of six months, which he has ever since taken care of, and that she had never since returned to live with her husband.

The jury before whom the cause was tried found a verdict for the defendant, on which the court below gave judgment.

PLATT, J. delivered the opinion of the court. *Cohabitation*

If a wife elopes from her husband, though not in an adulterous manner, the husband is not liable for any of her contracts, and tho' the person who gives credit to her for necessaries, had no notice of the elopement; but if she offers to return, and the husband refuses to receive her, his liability upon her contracts for necessaries is revived, from that time, notwithstanding a general notice notto trust her. If a husband turns away his wife, he gives her a credit wherever she goes, and must pay for necessaries furnished her.

is evidence of the husband's assent to contracts made by his wife, for necessaries, and it can be repelled only by express notice of previous dissent, or notice not to trust her. If the husband turns away his wife, he gives her credit wherever she goes, and must pay for necessaries for her; but if she runs away from him, though not with an adulterer, he is not liable for any of her contracts. (*Herrington* v. *Perrot,* 2 *Ld. Raym.* 1006.) per *Holt*, Ch. J.

In *Longworth* v. *Hockmore,* (12 *Mod.* 144. 1 *Ld. Raym.* 444.) Lord *Holt* decided, that if the wife elopes, though the trades-man has no notice of the elopement, if he gives credit to the wife, even for necessaries, the husband is not liable; but if the wife elopes, without an adulterer, and afterwards offers to return, and the husband refuses to receive her, his liability for her con-tracts for necessaries is revived, from that time, notwithstanding a general notice not to trust her. (*Child* v. *Hardimer,* 2 *Str.* 875. See, also, *Bolton* v. *Prentice,* 2 *Str.* 1214. 3d. ed. by *No-lan*, and the note of the editor.)

In the case of *Baker* v. *Barney,* (6 *Johns. Rep.* 72.) the hus-band and wife parted by *consent*, and the husband promised a separate maintenance, but failed to fulfil that promise; and the court held him liable on her contract, for necessaries.

In the present case, the wife eloped without an adulterer, but she did not offer to return to her husband. Her propo-sition was made to the witness, and, never communicated to her husband, and when requested by the witness, she refused to go with him to her husband in order to a reconciliation. The plaintiff, therefore, is not entitled to recover.

To sustain such an action, would encourage disobedience and infidelity in the wife. The duties of the wife, *while cohabit-ing with her husband,* form the consideration of his liability for her necessaries. He is bound to provide for her, *in his family;* and while he is guilty of no cruelty towards her, and is willing to provide her a home, and all necessaries *there*, he is not bound to furnish them elsewhere. All persons supplying the necessi-ties of a married woman, separate from her husband, are bound to make inquiries as to the cause and circumstances of the sepa-ration, or they give credit at their peril. The judgment below must be affirmed.

Judgment affirmed.