## M'GAHAY *against* WILLIAMS.

IN ERROR, on *certiorari,* to a justice's court.

*Williams* brought an action against *M'Gahay,* in the court below, for the board and lodging of *M'Gahay's* wife. The cause was tried before a jury.

The marriage of *M'Gahay,* the defendant below, with *Eleanor,* his wife, was admitted; and it appeared from the evidence returned, that the defendant and his wife had lived separate for about *twelve* years; during which time she had supported her-

If a wife leave her husband, although voluntarily, and without sufficient cause, and afterwards offers to return to him, his liability for necessaries furnished to her, is thereby revived.

And if application is made to the husband

by a third person, on behalf of the wife, to receive her, and he, without questioning the authority of the person applying, puts his refusal on some other ground, it will be tantamount to a personal application by the wife herself.

self, until she was no longer able to do so. Before she left her husband she had borne him a child; and it was proved that she was a woman of unblemished reputation: but no abuse or misconduct, on the part of the defendant, was shown.

*Harris*, a witness on the part of the plaintiff, testified, that after the separation, he called, at the instance and request of *Eleanor*, on the defendant, more than twenty times, to request him to let *Eleanor* return to him; but he absolutely refused to let her come, saying, that she had played him a trick, that she had left him with one young child, and if he took her back again she might stay till they had more, and then leave him with four or five.

*M'Cutchen*, also a witness for the plaintiff, testified, that, about a year ago, he went with *Eleanor* to the defendant, and that she told him, that she was come to ask a maintenance from him, as she was unable to support herself any longer; but he said that she must seek her remedy. The witness did not recollect that she offered to come back, or that she wanted to live with him, or asked to see her child.

*Betsey Livingston*, on the part of the defendant, testified, that she had been the intimate friend of *Eleanor*, and that she was requested, about twelve years ago, by *Eleanor*, and *Eleanor's* father, to go with her to the defendant for her clothes; for that she would not live with him any longer, and was going to leave him: when they came to the defendant, *Eleanor* told him, that she found that they could live no longer together, and that, therefore, she was going to leave him, and wanted her clothes. The defendant asked her if she would take care of the child, but she said "*no*;" but that the witness would nurse and take care of it. The defendant told her, that they had lived together better, or that she had made him a better wife, the last three months than ever, and that, if they continued to live together, he did not doubt but that they should do very well; and added, that he told her when she was going to her father's yesterday, that he or they would make some difficulty: but on her saying, that they could live no longer together, he told her that she might take all the clothes that she could call her own. She then took her clothes, and left him, and left the child with him. The witness, on being cross-examined, said, that the defendant did not urge his wife to stay; that she believed it impossible for her to live with him; that her father was about to move

away, and that she wished to go and see him before he went, but that her husband was unwilling to let her go, saying that he would make some difficulty between them; but that she insisted upon going, and did go; which gave rise to the separation.

ALBANY,<br>August, 1815.<br><br>M'GAHAY<br>v.<br>WILLIAMS.

This is all the evidence that it appears necessary to detail.

The jury found a verdict for the plaintiff for four dollars and eighty-seven cents, on which the justice gave judgment.

*Fisk*, for the plaintiff in error, contended, that the wife having voluntarily abandoned her husband, and continued absent from him for twelve years, he was not, now, bound to maintain her, though she offered to return; and he relied on the case of *Manby* v. *Scott*,\* the doctrine there laid down being, as he said, directly in point.

\* 1 *Mod.* 124.<br>S. C. 1 *Sid.*<br>129. S. C. 1<br>*Keb.* 69. 482.<br>S. C. 1 *Lev.*<br>4. S. C. 1 *Bac.*<br>*Abr.* 488. (6th<br>ed. by *Gwill.*)<br>See also<br>*M'Cutchen* v.<br>*M'Gahay,* 11<br>*Johns. Rep.*<br>281.

*Ross*, contra, insisted, that though a wife voluntarily leaves her husband, yet, if she offers to return again, and he refuses to receive her, he is, from that time, liable to pay for necessaries furnished her. This case is different from the former one brought by *M'Cutchen* against the same defendant. The offer to return here is fully proved, and though the offer was made through a friend, yet the defendant made no objection to her not applying in person. He cited, 12 *Mod.* 244. 2 *Str.* 1214. 1 *Esp. N. P. Cases*, 441. 8 *Johns. Rep.* 72. *Baker* v. *Barney*.

*Per Curiam.* This case comes before the court on a *certiorari* to a justice's court. The suit in the court below was for necessaries furnished *M'Gahay's* wife. There was some controversy as to the marriage; but that ground was finally abandoned by the defendant below, and the marriage admitted; and the only question was as to the liability of *M'Gahay* to maintain his wife. In the case of *M'Cutchen* against the same defendant, (11 *Johns. Rep.* 281.) we adopted this principle: That if a woman leaves her husband, and lives separately from him, he is not liable to her contracts for necessaries, although the person giving credit to her does not know of the elopement; but if she offers to return, and her husband refuses to receive her, his liability to her contracts for necessaries revives from that time. If a husband turns away his wife, he gives her a credit, wherever she goes, and must pay for necessaries furnished her. Ap-

plying these principles to the facts stated in the return, in this case, the liability of the defendant below for the maintenance of his wife is revived. Although she appears to have left him voluntarily, and without any sufficient cause, yet she has repeatedly offered to return. *Harris*, in his testimony, states, that shortly after the separation, he, at the request of the defendant's wife, went to him more than twenty times, and requested him to let his wife return, which he utterly refused. He did not pretend to question the authority of the witness, or that he came at the instance of his wife, but put his refusal upon a totally different ground. It must, therefore, be deemed equivalent to a personal application by the wife herself, and a denial by her husband to permit her to return; which brings the case precisely within the principle adopted in the former decision. The judgment of the court below must, accordingly, be affirmed.

Judgment affirmed.