## Furlong *versus* Hysom.

For articles furnished and delivered to a married woman residing with her husband, necessary and proper for her, though charged to *her* on account, the husband is liable.

Cohabitation, of itself, furnishes a presumption of the husband's assent to contracts made by the wife of necessaries, suitable to his degree and estate.

In a suit against the husband upon such an account, the shop books of the plaintiff, with his suppletory oath, are admissible to show the sale and delivery of the goods.

In such a suit, the jury are authorized to infer an authority to the wife from the husband to purchase the goods on his credit.

ON EXCEPTION from *Nisi Prius*, TENNEY, J., presiding.

INDEBITATUS ASSUMPSIT, on account annexed for balance due on book $11,83. The bill of particulars filed by the plaintiff and used at the trial, was for " goods sold to the defendant's wife ;" the debit items, amounting to $21,20, were for articles delivered at various times, such as cloths, trimmings for making them up, clothing, a muff, a pair of shoes and candlesticks. The credit amounted to $9,37, leaving $11,83, the balance sued for.

There was evidence tending to show the defendant's admission of the indebtedness.

The plaintiff introduced his day-book and leger, with the suppletory oath. The books showed, that the account had originally been kept as an account against Sarah J. Hysom, and that during the same period, there was an account kept against the defendant, but that account had been settled and paid. Sarah J. Hysom was the defendant's wife.

The jury were instructed *that* " the defendant would be liable for articles so purchased by his wife and charged to her, if obtained by his permission or consent, and if necessary and proper for her :" —

*that* the account books, with the plaintiff's suppletory oath, were proper evidence in determining whether the articles were furnished and sold to Sarah J. Hysom ; — and

*that*, if the articles were proper and necessary for her and, if they were sold and delivered as charged in the books, and had not been paid for, the defendant is liable in this suit.

The verdict was for the plaintiff, and the defendant excepted.

*Ruggles*, for defendant.

That the articles were charged to Sarah J. Hysom, is *prima facie* evidence, that they were sold on her credit alone. If any different presumption could arise from the relation of husband and wife, it was controlled by the circumstances proved in the case. It was then a material fact to be proved by the jury, that the credit was given, not on her credit but on that of the defendant. More especially is it so, since recent en-

actments have authorized credits to married women. The jury then should have been instructed, that they must be satisfied that the articles were sold on the *credit of the defendant.* The omission so to instruct is not supplied by any presumption of law, under the circumstances of this case. The willingness or consent of the husband, even if proved, that his wife might trade with the plaintiff, could not take away the necessity of proof that the credit was given to *the defendant.* Under the recent laws, respecting the property rights of married women, the articles purchased belonging to the wife, and the plaintiff's remedy might be against her property.

There was, therefore, error in the instruction that " if the articles were proper and necessary for her, and if they were sold and delivered as charged in the books, and had not been paid for, the defendant is liable ?

There was error in admitting the plaintiff's book, there being no charge in it against the defendant, except what had been settled and paid. And the book, with the suppletory oath, was the only evidence that the articles " had been sold and delivered, as charged on the books." The verdict should therefore be set aside.

The counsel then argued, that the verdict was against law and against evidence.

*C. H. Lowell,* for the defendant.

RICE, J. — Objection is made because the Judge at the trial instructed the jury that, if the articles sued for, were furnished to Sarah Jane Hysom, (wife of defendant,) and were necessary and proper for her, and were sold and delivered as charged on the plaintiff's book, and had not been paid for, or settled, then the defendant would be liable in this action, to pay the same, with interest, from the date of the writ.

It is contended that the jury should have been instructed, that it was necessary for them to be satisfied that the articles were delivered on the credit of the defendant, before they could find a verdict against him.

Furlong *v.* Hysom.

The jury were instructed that, " the defendant would be liable for articles so purchased by his wife, and charged to her, if obtained by his permission, or consent, and if necessary and proper for her." This qualification gives the full extent contended for by the defendant.

But the specific instructions objected to, were correct. If the articles were necessaries, the jury had a right to infer authority from the husband. During cohabitation, there is a presumption arising from the very circumstances of cohabitation, of the husband's assent to the contracts made by the wife, for necessaries, suitable to his degree and estate. *Etherington* v. *Parrot*, 1 Salk. 118. The husband is bound to provide his wife with necessaries suitable to her situation, and his condition in life ; and if she contract debts due for them during cohabitation, he is obliged to pay those debts. He is bound by her contracts for ordinary purchases, from a presumed assent on his part. 2 Kent's Com. 146. It is a rule of evidence, that the mere fact of cohabitation, or that the woman lives with him as his wife, is evidence that she is his agent to purchase necessaries for herself. *McCutchen* v. *McGahay*, 11 Johns. 281.

In the absence of other testimony, the shop books of the plaintiff, with his suppletory oath, were competent evidence for the consideration of the jury, to prove the sale and delivery of the goods.

Exceptions do not lie to the finding of a jury, as against law or against evidence.

> *Exceptions overruled,*
> *judgment on the verdict.*

SHEPLEY, C. J., and HOWARD and HATHAWAY, J. J., concurred.