Weisker *vs.* Lowenthal.

(Decided 3d December, 1869.)

---

BERNARD WEISKER and CHARLES WEISKER, trading as WEISKER BROTHERS *vs.* CHARLES H. LOWENTHAL.

*Liability of Husband for debts contracted by the Wife—Practice in the Court of Appeals.*

A husband is liable for goods sold to his wife upon his credit and by his authority or assent, either expressed or implied.

The husband is not liable for goods sold to the wife on her credit solely, although the sale may have been made with his knowledge, and by his assent.

Where, by the rules of Court, the reception of a prayer is discretionary with the Court, its refusal to entertain the prayer is not subject to revision on appeal.

APPEAL from the Court of Common Pleas.

This suit was brought in October, 1867, by the appellants, to recover the sum of $514.44, for goods sold and delivered to Julia Lowenthal, the appellee's wife, by them, in 1860.

The defendant pleaded non assumpsit and limitations, on the former of which pleas issue was joined, and the plaintiffs replied to the plea of limitations, a new promise on the part of the defendant, on which he joined issue, and the verdict was for the defendant.

The sale of the goods to the amount stated, to J. Lowenthal, was not disputed at the trial, but the plaintiffs offered evidence to show that the defendant was the party who purchased them, while the defendant offered evidence to show that Julia Lowenthal was the purchaser, that she was a trader on her own account, and bought the goods on her separate credit, and as such trader, had failed in 1861.

There was also evidence, that in 1865 the defendant had recognized the debt.

The plaintiffs then asked the Court to instruct the jury as follows:

1. If they shall find from the evidence that the goods, the price of which is sued for in this case, were sold and delivered by the plaintiffs to the wife of the defendant, with the knowledge, consent, approval and authority of the defendant, and that the defendant aided his said wife in her dealings with the plaintiffs, and in purchasing said goods, then the defendant is legally responsible to the plaintiffs for the price of goods so sold and delivered to his wife; and if they shall further find that at any time within three years before the institution of this suit, the defendant admitted the existence of said claim, and promised to pay or settle the same in the manner testified to by the witness, Williams, the plaintiffs are entitled to recover.

2. If the jury shall find that the plaintiffs sold the goods, the price of which is sued for in this case, to the defendant or his agent, as set forth in the evidence, and that the defendant, within three years before the institution of this suit, had the conversations with the witness,

Williams, testified to by him, the plaintiffs are entitled to recover.

And the defendant prayed the Court to instruct the jury as follows:

That if the jury shall find from the evidence that the goods, the price of which is sued for in this action, were sold to Mrs. J. Lowenthal, the wife of the defendant, on her separate credit as a *feme covert* trader, and that the defendant never assumed to pay for the same, then the plaintiffs are not entitled to recover.

The Court rejected the prayers of the plaintiff, and granted the prayer of the defendant.

After the argument, before the jury had commenced, the plaintiffs asked permission to offer a further prayer, but the Court refused to grant the permission.

The plaintiffs appealed from the rulings of the Court, the verdict and judgment being against them.

The cause was argued before BRENT, MILLER, ALVEY and ROBINSON, J.

*Charles Marshall*, for the appellants.

The defendant's prayer is erroneous, because there is no evidence to show that the plaintiffs sold to Mrs. Lowenthal, on her separate credit as a *feme covert* trader, and because, notwithstanding a married woman may be in fact a sole trader, parties dealing with her, on the authority and at the request of the husband, as in this case, can hold the husband. 2 *Bright's Husband and Wife, secs.* 20, 22, *p.* 300.

The plaintiffs' prayer, offered after the case was before the jury, was improperly rejected, because it merely asked the Court to correct the statement of the effect of the defendant's prayer, which had been misunderstood by the defendant's counsel.

But the error in refusing the plaintiffs' first and second

prayers is clear, whatever might be thought of the other exceptions. *Petty vs. Anderson*, 3 *Bing.*, 170 ; *Montagu vs. Benedict*, 3 *B. & C.*, 635 ; 2 *Bright's Husband and Wife, secs.* 15, 20, 22, 27 ; *Barlow vs. Bishop*, 1 *East*, 432 ; *Cotes vs. Davis*, 1 *Camp.*, 485.

*Wm. Pinkney Whyte* and *James W. Denny*, for the appellee :

A vendor selling goods to a wife, carrying on business in her own name, and selling to her on her separate credit, cannot recover of her husband, though the husband is aware of, and consents to, the sale. *Smallpiece vs. Dawes*, 7 *Carr & Payne*, 40 ; *Hill vs. Goodrich*, 46 *New Hamp.*, 41 ; *Freestone vs. Butcher*, 9 *Carr & Payne*, 643, (38 *Eng. C. L.*); *Benjamin vs. Benjamin*, 15 *Conn.*, 347 ; *Shelton vs. Pendleton*, 18 *Conn.*, 417 ; *Bridges vs. McKenna*, 14 *Md.*, 258.

The prayer offered by the plaintiffs' counsel, after the argument, before the jury had been commenced, came too late.

The rules of the Court prevent the offering of prayers at such a late period, except by the special permission of the Court, which, in this case, was refused, and from which refusal there is no appeal. Rules 34 and 35 of the Court of Common Pleas.

ROBINSON, J., delivered the opinion of the Court.

The liability of the husband for goods sold to the wife, upon his credit, and by his authority, or assent, either express or implied, cannot be questioned. In such cases, she becomes his agent, and the principles of law incident to that relation, necessarily attach.

If, however, the goods are sold to the wife, upon *her credit solely*, the husband will not be liable, although the sale may have been made with his knowledge, and by his assent. *Story on Contracts*, 103 ; *Chitty on Contracts*, 156 ; *Bentley vs. Griffin*, 3 *Camp.*, 22. The liability of the hus-

band arising from the presumption on the part of the wife as agent, would, in such a case, be rebutted by the direct proof, showing that the goods were sold on her *separate* credit.

In this case, evidence was offered on the part of the appellee to prove that the sale was made to his wife, who was at the time a *feme covert trader.* Whether it was sufficient to establish the fact, was a question properly submitted to the jury.

The plaintiffs' first prayer was clearly erroneous, because it assumed the liability of the appellee, if the jury should find that the goods were sold by his authority and assent, thus taking away entirely from their consideration the evidence which had been offered to prove that the sale was made, and the credit given *solely* to the wife. If they should so find—if the credit was given to the wife, there can be no reason why the husband should be held liable, because he may have authorized or assented to the sale. In such a case, the authority given to the wife was to purchase on her *sole* credit, and it was so understood by the creditor at the time of the sale.

The second prayer was also properly rejected. If the goods were sold to the defendant or his agent, his liability therefor could not be questioned, unless the claim was barred by the Statute of Limitations. The prayer, however, did not put this self-evident proposition fairly before the jury. On the contrary, it maintained the plaintiffs' right to recover, if the jury should find that the goods were sold " to the defendant or his agent, *as set forth in the evidence.*" How set forth? The terms of sale—that is, whether it was made to the defendant, or to the wife, upon her separate credit, was the question at issue, and in regard to which the evidence, as *set forth* in the record, was conflicting. It was a question of fact for the jury, and the Court had no right to assume how, or in what manner, it was made.

27

Moore, *et al. vs.* Schultz.

The third prayer was not offered until after the counsel for defendant had closed his argument before the jury, and therefore came too late. Under the rules of Court, no prayer could be offered at this stage of the trial, without the permission of the Court. This permission being refused, the prayer is not before us on this appeal.

The whole law governing and controlling the case was correctly stated in the defendant's prayer granted by the Court.

It instructed the jury, "if they should find that the goods were sold to the wife of the defendant, upon her separate credit as a *feme covert* trader, and that the defendant never assumed to pay for the same, the plaintiffs were not entitled to recover." The question of fact as to whom the credit was given, was thus fairly submitted by this prayer to the jury. And the converse of this proposition, upon which the plaintiffs claimed to recover, namely, the liability of the husband, if the sale was made to him or his agent, was, by the defendant's prayer, impliedly admitted.

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 3d December, 1869.)