HARRY NEWCOMER *vs.* H. H. BEELER AND WIL-
LIAM J. HURLEY, ADMINISTRATORS OF FRANK
E. BEELER, DECEASED.

*Decedent's estates: priorities; judgment debts; magistrates'*
*judgments; liens. Probate of claims: Code Art.*
*93, sec. 82; claims passed by Orphans' Court.*
*Code, Art. 93, sec. 82; protection of*
*administrator.*

The priority for the payment of a decedent's debts, given by
section 114 of Article 93 of the Code of Public General Laws,
to judgments and decrees applies as well to the judgments of
a justice of the peace as to the judgments of a Court of
Record.                                            p. 650

A Court's judgment is a lien upon real estate from the time
of its rendition; while a magistrate's judgment, by Art. 52,
section 38 of the Code of Public General Laws, is not such a
lien, until it is filed for record with the clerk of the appro-
priate Court.                                      p. 651

Where a claim against a decedent's estate is duly passed by the
Orphans' Court, and the administrator has no reason to
question its validity, he is protected, in making the payment,
by section 82 of Article 93 of the Code of Public General
Laws, although the claim was not proved in accordance with
the provisions of the statute.                     p. 650

*Decided November 22nd, 1911.*

Appeal from the Orphans' Court of Washington County.

Submitted without argument to BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-
BRIDGE, JJ.

*O. V. Middlekauff,* filed a brief for the appellant.

*Abraham C. Strite* and *Ernest Hoffman,* filed a brief for the appellees.

URNER, J., delivered the opinion of the Court.

It is provided by section 114 of Article 93 of the Code of Public General Laws that "In paying the debts of a decedent an administrator shall observe the following rules: All taxes due and in arrear from the decedent shall be preferred to the exclusion of all other debts, and claims for rent in arrear against deceased persons, for which a distress might be levied by law, shall next have preference. *Judgments and decrees shall next be wholly discharged.* After such claim for taxes and rent, and judgments and decrees shall be satisfied, all other just claims shall be on equal footing without priority or preference. If there be not sufficient to discharge all such judgments and decrees, a proportionate dividend shall be made between the judgment and decree creditors."

The single question to be decided on this appeal is whether a judgment rendered by a justice of the peace of this State is entitled to the priority over general claims which is provided by the clause we have italicized in the section just quoted. This question was raised by exceptions filed to the ratification of an administration account in the Orphans' Court of Washington County upon the ground that it treated as a common debt the magistrate's judgment probated by the exceptant and passed for payment. The appeal is from an order of the Court below overruling the exceptions and ratifying the account.

The appellees refer to the provision of section 83 of Article 93 of the Code to the effect, in part, that "The voucher or proof of a judgment or decree shall be a short copy thereof under seal, attested by the clerk of the Court where it was obtained, who shall certify that there is no entry or proceeding in the Court to show that the said judgment or decree hath been satisfied." It is urged that this indicates an

intention on the part of the Legislature that only such judg-
ments as are rendered by a Court of record shall enjoy a pre-
ference over ordinary debts in settlement of the estate of
decedents.

The Code provisions we have quoted had their origin in
Chapter 101 of the Acts of 1798. By that statute judg-
ments and decrees against the decedent were the only liabili-
ties of his estate which were given priority. Rents in arrear
were preferred by the Acts of 1836, Chapter 192, and taxes
by the Acts of 1843, Chapter 208. At the time of the pas-
sage of the Act of 1798 the pre-existing laws of the State had
defined the jurisdiction of justices of the peace with respect
to the rendition of judgments for the recovery of small debts.
It was provided by the Acts of 1791, Chapter 68, that "in
all cases where the general debt and damage doth not exceed
ten pounds current money, or one thousand pounds of
tobacco, it shall and may be lawful for any one justice of the
peace of each respective county where the debtor doth reside,
to try and determine the matter in controversy between the
creditor and debtor, and upon full hearing of the allegations
and evidences of both parties to give judgment according to
the laws of the land and the equity and right of the matter."
The act further provided that the justices of the several
county Courts should "not hold plea in said Court of any
debt or damages in cases within the jurisdiction given the
justices of the peace out of Court by this act, which shall not
exceed ten pounds current money, or one thousand pounds of
tobacco, any law, usage or custom to the contrary notwith-
standing."

It is thus apparent that from the inception of the legisla-
tion giving a preference to "judgments and decrees" in the
administration of decedents' estates the law has made pro-
vision for the recovery of judgments before justices of the
peace as well as in Courts of record. There is no discrimi-
nation between these two classes of judgments in the section
conferring the right of priority in question, and we see no
ground for holding that the statute intended an exception

which it did not express. The mere fact that the sections dealing with the method of proving claims omit to refer explicitly to one of these recognized forms of judgment certainly does not justify a construction which would materially modify and restrict the comprehensive term which the Legislature has chosen to employ. In order to adopt the appellant's theory it would be necessary to interpret the word "judgments," though used without qualification, as meaning "judgments rendered by a Court of record."

It is to be observed that the proof of judgment claims in the manner prescribed by the Code is not made an absolute pre-requisite for their payment. Section 82 of Article 93 provides that no claim shall be disregarded by an administrator, except at his own risk, "unless the same be first passed by the Orphans' Court granting the administration, or unless the said claim shall be proved according to the following rules." In the present instance the magistrate's judgment to which the exceptions relate was endorsed by the register of wills as having been passed by the Orphans' Court after an affidavit had been made before the register to the effect that no part of the debt had been paid nor any security or satisfaction therefor received. It is well settled that if such a claim is duly passed by the Orphans' Court, and the administrator has no reason to question its validity, he is protected in making payment without exacting the proof prescribed by the statute. *Owens* v. *Collinson,* 3 G. & J. 25; *Conner* v. *Ogle,* 4 Md. Ch. 449; *Semmes* v. *Young,* 10 Md. 246.

There does not appear to be anything in the relative positions of the two forms of judgment we are considering, with respect to their enforceability, to suggest any reason for making a distinction between them in regard to their payment, in course of administration, out of the estate of the deceased debtor. They are both capable of being executed in his lifetime as against the personal assets which upon his decease are made primarily responsible for the payment of his debts; and they are subject to similar restrictions as to

their enforcement after his death, with the same right of renewal by *scire facias. Code,* Article 26, section 20. While the Court judgment is a lien upon real estate from the time of its rendition, and the magistrate's judgment does not become such until it is filed for record with the clerk of the appropriate Court (*Code,* Article 52, section 38), yet this consideration can have no weight in view of the manifest intent of the law that in the payment of judgments by an administrator no regard shall be had for their status or priority as liens upon the realty. This is clearly indicated in the provision already quoted that: "If there be not sufficient to discharge all such judgments and decrees, a proportionate dividend shall be made between the judgment and decree creditors."

It is obvious, therefore, that so far as their lien capabilities are concerned, the act does not permit us to infer any reason for distinguishing in this connection between judgments of a Court of record and those rendered by a justice of the peace, and in our opinion the unqualified terms of the section creating the preference preclude such a discrimination. The order of the Court below will be reversed and the cause remanded to the end that further proceedings may be had in accordance with the conclusion we have stated.

> *Order reversed, with costs and cause remanded,*