### WENDLING v. WENDLING.

(Supreme Court, Special Term, New York County. January, 1912.)

**1. DIVORCE (§ 171\*)—RES JUDICATA—QUESTIONS CONCLUDED.**

　　A judgment of dismissal on the merits in an action by a wife for separation on the ground of cruel and inhuman treatment, rendered on a finding that there had been no such treatment, and that the wife had, without cause, abandoned the husband, is res judicata only on the question of·cruel and inhuman treatment, and does not bar an action by the wife for separation on the ground of the husband's refusal subsequent to the judgment to support her.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 554–558; Dec. Dig. § 171.\*]

**2. DIVORCE (§ 31\*)—ACTION FOR SEPARATION—EVIDENCE—SUFFICIENCY.**

　　Where a wife left her husband because of his cruel treatment, not sufficient to justify a decree of separation on that ground, and remained away pending her suit for separation on that ground, and offered to return on dismissal of the action, and he refused to receive her and failed to support her, she was entitled to a decree of separation for nonsupport.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 95, 96; Dec. Dig. § 31.\*]

Action by Julia Wendling against William Wendling for separation. Judgment for plaintiff.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Abraham Snydecker, for plaintiff.
Robert Mazet, for defendant.

GIEGERICH, J. The action is for a separation upon the grounds of the defendant's alleged neglect or refusal to support the plaintiff, and his alleged abandonment of her. The defendant denies the charges of nonsupport and abandonment, and sets up as separate and distinct defenses and by way of counterclaim (1) the plaintiff's alleged abandonment of the defendant on or about June 18, 1908, without any cause or reason; and (2) a decision of the late Justice Whitney rendered on December 9, 1910, at Special Term, in an action brought by the plaintiff against the defendant for a separation alleging cruel and inhuman treatment, whereby he found as matter of fact that the plaintiff had without cause abandoned the defendant, and as a conclusion of law that the complaint should be dismissed upon the merits; and judgment was entered upon such decision on December 23, 1910, dismissing the complaint upon the merits. The reply denies that the plaintiff abandoned the defendant, and that the court rendered its decision and made its finding of fact that the plaintiff, without cause, abandoned the defendant.

[1] It is urged by the defendant in support of the second defense and counterclaim so pleaded that the judgment in question is res adjudicata and binding on the plaintiff, and establishes her status as having abandoned the defendant without cause or provocation. The plaintiff, on the other hand, contends that the judgment did not in any manner alter the marriage relationship existing between the parties, nor did it relieve the defendant from providing for the support and maintenance of the plaintiff, but that the parties were left in the same position as if no action had been brought. It appears that the former action referred to was brought by this plaintiff for a separation based upon the ground of cruel and inhuman treatment. It was pleaded in defense in that action that the plaintiff on or about June 18, 1908, without just cause or provocation, abandoned the defendant. The court found that there had been no cruel or inhuman treatment on the part of the defendant, "nor did he neglect or refuse to provide for her (plaintiff) until she had abandoned him." As the action was based upon cruel and inhuman treatment and not upon the neglect or refusal of the defendant to provide for his wife, it is plain that the finding of the court that there had been no such neglect or refusal was not within the issues and was not binding upon the parties, and it is likewise plain that the implication in the finding that the plaintiff had, at some previous time, abandoned the defendant, was not material. The judgment dismissed the complaint upon the merits, and, since the complaint was founded upon the allegation of cruel and inhuman treatment alone, the finding that there had been no such treatment on the part of the husband was sufficient to support the judgment, and the finding concerning immaterial matters did not conclude the parties. People ex rel. Reilly v. Johnson, 38 N. Y. 63, 97 Am. Dec. 770; Harrison v. McAdam, 38 Misc. Rep. 18, 76 N. Y. Supp. 701; Matter of Locust Avenue, 185 N. Y. 115, 77 N. E. 1012. If the present action were based upon the allegations of cruel

and inhuman treatment occurring prior to the former action in 1908, the former judgment would be a good defense. But this action is based upon an entirely different ground, namely, the neglect and refusal of the defendant since the month of December, 1910, to provide for the plaintiff. The implication of such an abandonment contained in the finding in the former action is, therefore, not binding upon the plaintiff.

[2] The plaintiff, upon the trial of the present action, testified in substance as follows: That prior to the month of June, 1908, the defendant illtreated and abused her; that he called her vile and disagreeable names; that he would strike and beat her; that he would return to his home in an intoxicated condition; that he would accuse her of being intimate with other men, claiming that he was not the father of their oldest child; and that in the month of June, 1908, he threatened to kill her unless she left him. The plaintiff further testified that, fearing for the safety of her life, she did leave the defendant, taking her children with her, and that from the month of December, 1910, to June, 1911, the defendant failed and refused to support the plaintiff, and refused to live and cohabit with her, although requested by her so to do. The defendant admitted that there had been quarrels and disputes between the plaintiff and himself; that he did accuse her of being intimate with other men; that he still believes her to have been guilty of adultery with his brother, although the plaintiff was exonerated by a jury; that he did call her vile names; that he did not provide for her support and maintenance; and that he absolutely refused and still refuses to further live and cohabit with the plaintiff. While Mr. Justice Whitney found that the defendant "has not subjected the plaintiff to cruel and inhuman treatment," and that "there had been no such conduct on the part of the defendant towards the plaintiff as might render it unsafe and improper for her to cohabit with him," he also found that there had "been quarrels between the parties in which they called each other disagreeable names, and the defendant, believing the plaintiff to have been intimate with other men, has accused her of such intimacy."

In the former action brought for a separation for alleged cruel and inhuman treatment, the answer, in addition to a denial of the charges contained in the complaint, set up as a counterclaim certain alleged acts of adultery on the part of the wife and for which the husband prayed for a judgment of absolute divorce. The issues of adultery were framed for trial by a jury who upon a trial had in June, 1910, found in favor of the plaintiff, and the issues of cruel and inhuman treatment were sent to the Special Term for trial, with the result above stated. The fact that upon the evidence before him Mr. Justice Whitney did not find that the husband's conduct had been such as to justify a finding of cruel and inhuman treatment on his part, such as to warrant a decree of separation, does not preclude the court in this action from finding that the husband's conduct was nevertheless of such a character, and the facts all taken together were such as to excuse the wife for leaving him. After the former litigation between them was ended, she offered to return, but such offer the husband did not accept, and upon the trial declared his absolute refusal to live with her again.

On behalf of the defendant reliance is placed upon the dictum of Referee Dwight in Uhlmann v. Uhlmann, 17 Abb. N. C. 236, page 261, that:

"The test seems to be to determine the intent at the time of departure, for, if the desertion be in itself complete, a subsequent offer to return will not avail, as the deserted party has a legal right of which he cannot be deprived without his concurrence."

If, by the language used, the distinguished referee in that case meant that if a wife leaves a husband with the intention at the time of departure to abandon him permanently her marital rights are thereby irredeemably lost, no matter how improvident or impulsive her act may have been or for how short a time she may in fact remain away from him, and that by such an act of hers the legal right is conferred upon the husband of refusing to take her back or to support her, then I cannot concur in that view. Such a rule, so far as the right of a wife to support and the obligation of a husband to render such support is concerned, would give to such act of a wife the permanent and important effect of a formal decree of separation given by a court in favor of the husband after a full hearing of charges of abandonment by the wife. I do not think that the rights of a wife growing out of the marriage relation should be allowed to be forfeited in such a manner and as a matter of strict legal right to the husband, but that courts of equity should retain control of such cases and should examine into the circumstances, and if the provocation was great, although falling short of such cruelty as would justify a decree of separation, that the courts should determine whether or not the circumstances in the particular case were sufficient to excuse the act of the wife, and, if she has repented and offered to return to her husband, that she should be held to have been restored to her conjugal rights.

In this particular case the defendant's own admissions upon the trial before me, particularly his admissions of repeated charges against the plaintiff of adultery with other men, were such as to warrant me in holding that the wife was excused for leaving him for the period and under the circumstances she did. It is true that she remained away for a considerable time; but it is also true that the former litigation was in progress between them during this interval, in which litigation he had pleaded adultery on her part, and that a few weeks after the determination of that litigation and before the present action was begun she offered to return to live with him. But, even if it be conceded that the wife left the husband without cause, there are authorities that her offer to return changed the situation. In 1 Bishop on Marriage, Divorce and Separation, § 1707, p. 708, it is said that if a wife having left her husband without cause comes back to him, and he will not receive her, this is a desertion by the one refusing from the time of the refusal. A somewhat analogous view must underlie such decisions as McCutchen v. McGahay, 11 Johns. 281, 6 Am. Dec. 373, where it was said that if a wife elopes from her husband, though not in an adulterous manner, the husband is not liable for any of her contracts, and though the person who gives credit to her for necessaries had no notice of the elopement; but, if she offers to return, and the husband refuses

to receive her, his liability upon her contracts for necessaries is revived, notwithstanding a general notice not to trust her. In McGahay v. Williams, 12 Johns. 293, the above case and rule were cited with approval and the husband's liability enforced.

My conclusion is that the plaintiff has established the cause of action alleged in the complaint, and that she is entitled to a judgment of separation from the bed and board of the defendant, with alimony for her personal support and maintenance at the rate of $5 per week, and dismissing the counterclaim with costs. The children of the marriage shall remain in the care and custody of the Society for the Relief of Protestant Half Orphans and Destitute Children, where they now are, under the same terms and conditions as provided in the judgment in the former action. Submit, with proof of service, proposed findings and judgment in accordance with these views.