## SARAH E. NOEL

*vs.*

## THOMAS O'NEILL, Trading as O'Neill & Co.

*Husband and wife: husband's liability for goods sold to wife; goods sold on her sole credit.*

A husband is liable for goods sold to his wife, upon his credit and by his authority or assent, whether such authority or assent be express or implied.                                    p. 204

In such cases the wife becomes the agent of the husband, and the principles incident to that relation attach.          p. 204

But for goods sold to the wife, upon her credit solely, the husband will not be liable, even though such sale were with his knowledge and consent.                              p. 204

This common law liability is not affected by the provisions of the Code relating to the property and contractual rights of husband and wife.                                    p. 204

Section 5 of Article 45 of the Code, to the effect that the husband shall not be liable upon any contract, made by his wife in her own name, and upon her own responsibility, does not apply to contracts made by a wife as agent for her husband, or to those cases mentioned in the statute, where his liability is continued, as at common law.                              p. 204

In a suit for necessaries and wearing apparel sold to a wife, the question of such agency *vel non* on the part of the wife should be submitted to the jury.                        p. 206

The fact that the seller filed the same bill under oath in the Orphans' Court against the estate of the decedent husband was competent for the jury to consider, but was not conclusive of the question as to the party on the faith of whose credit the sale was made.                                    p. 208

The mere fact that goods bought by a wife were charged to her account on the seller's books is not conclusive proof that the goods were sold and delivered upon her credit alone; it is a question for the consideration of the jury.              p. 207

An entry upon the books of a seller is not conclusive as to the question of the person to whom credit was given.     p. 207

*Decided April 4th, 1916.*

Appeal from the Superior Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*J. Kemp Bartlett* and *J. Kemp Bartlett, Jr.,* for the appellant.

*B. H. Hartogensis,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The object of this suit is to recover the sum of $905.19 for goods and merchandise alleged to have been sold and delivered by the appellee to the appellant.

The plaintiff below, and the appellee here, conducts a retail department store, in the City of Baltimore and an itemized account, filed with the declaration, shows the specific articles and goods alleged to have been sold, and the various dates upon which they were delivered, and remaining unpaid.

The defendant, is the widow of Edgar M. Noel, late of Baltimore City, deceased, and it is contended upon her part that she is not liable, because the goods were sold and purchased by the wife in the lifetime of the husband, upon his credit and by his authority and assent, and not upon her separate credit.

The case was tried before the Court below, sitting as a jury, and from a judgment in favor of the plaintiff, the defendant has appealed.

The questions for our consideration are presented by a single exception, and that is to the rulings of the Court in granting the plaintiff's first prayer as modified, and in rejecting the defendant's first and second prayers. The plaintiff's second and third prayers were refused.

The important question in the case is this: Were the articles and goods charged in the two accounts, filed with the declaration, sold and delivered upon the credit of the husband or the wife?

The well established rule of law, upon this subject, is stated by JUDGE ROBINSON, in *Weisker* v. *Lowenthal,* 31 Md. 413, to be as follows: "The liability of the husband for goods sold to the wife, upon his credit, and by his authority, or assent, either express or implied, can not be questioned. In such cases, she becomes his agent, and the principles of law incident to that relation, necessarily attach. If, however, the goods are sold to the wife, upon her credit solely, the husband will not be liable, although the sale may have been made with his knowledge, and by his assent."

While, it will be seen, that the statutes in this State, upon "Husband and Wife," enlarge the rights and privileges of the wife, they do not restrict the common law liability of the husband, in many respects.

By section 21 of Article 45 of the Code of Public General Laws, it is provided, that nothing in this Article shall be construed to relieve the husband from liability for the debts, contracts, or engagements which the wife may incur or enter into upon the credit of her husband, or as his agent, or for necessaries for herself or for his or their children, but as to all such cases his liability shall be or continue as at common law.

The language of section 5 of Article 45 of the Code, that "the husband would not be liable upon any contract, made by his wife in her own name, and upon her own responsibility," clearly does not apply to contracts made by a wife as agent for her husband, or in those cases mentioned in the statute, where his liability is continued, as at common law; see sec. 5, Art. 45 of the Code; sec. 21, Art. 45 of the Code; *Lyell* v. *Walbach,* 113 Md. 578; *Meyer* v. *Frenkill,* 116 Md. 418; *Jones* v. *Gutman,* 88 Md. 355, and *Weisker* v. *Lowenthal,* 31 Md. 413.

In *Wilson* v. *Herbert*, 41 N. J. Law, 461, it is held: "When husband and wife are living together, and the wife purchases articles for domestic use, the law imputes to her the character of an agent of her husband, and regards him as the principal debtor. She may contract for such articles as principal, and assume the responsibility of a principal debtor. But to fix upon her a liability, it must affirmatively appear that she made the purchase on her individual credit. There must be either an express contract on her part to pay out of her separate estate, or the circumstances must be such as to show clearly that she assumed individual responsibility for payment, exclusive of the liability of her husband."

There are numerous other cases bearing upon this subject, and many of them will be found reviewed, in an elaborate note to *Wanamaker* v. *Weaver*, 176 N. Y. 75, reported in 65 L. R. A. 529.

In the present case the articles and goods charged in the accounts were sold and purchased between December 12th, 1910, and the date of the husband's death, in November, 1912, and consist of articles of necessary wearing apparel and other necessary household goods for the use of the wife and her children.

In the course of the trial there was evidence offered on the part of the plaintiff to prove that the goods were sold and delivered upon the credit of the wife alone.

On the other hand, the evidence on the part of the defendant, was in direct conflict, and tended to sustain the theory of the defendant's case, that the goods were purchased by the wife as agent of the husband, and were sold solely upon the credit of the husband.

Upon this state of case, the question at issue, was clearly one of fact, to be submitted to the Court, sitting as a jury, upon proper instructions, as to the law controlling the case.

The plaintiff's first prayer and the only one granted in the case, was manifestly erroneous. It was as follows: Plaintiff prays the Court to instruct itself, sitting as the jury, that if it shall find that credit was given to Sarah Noel, the defend-

ant (as appears from the books of the plaintiff), at the beginning of the transaction for which suit was brought, and that the goods were sold and delivered to the said Sarah E. Noel and charged to her on her own account, then the Court, sitting as a jury, shall find a verdict for such an amount as it finds to be due by her for sales and deliveries so made to her, with interest in the discretion of the Court, sitting as a jury.

The vice of the prayer consists first, in its failure and omission to submit the question of the agency *vel non* of the wife, and secondly, that the charging of the goods as appears from the books of the plaintiff to the wife on her own account was conclusive of the wife's liability for the account sued upon.

In *Jones* v. *Gutman,* 88 Md. 367, this Court in dealing with a somewhat similar question, said, it is clear that the prayer entirely ignores the question of the agency of the wife. This was error. There should have been submitted to the jury the question of the agency *vel non* of the wife, to be determined by them, as a matter of fact, from all the circumstances of the case.

The English rule, as to the effect, to be given book entries, in determining as to whom credit is extended in sales to married women is thus stated in *Jewsbury* v. *Newbold,* 40 English Law and Equity, 518: "When goods for which a wife has ordinarily authority to contract on the part of her husband, such as articles of dress, are ordered by her and delivered at his residence, where she also resides, *prima facie* the husband is liable, there being a presumption of law, in favor of the plaintiff (merchant). The objection that credit was given to the wife alone, means that it was given to her to the exclusion of her husband's liability, and the circumstance that the goods were booked to her alone, but in her marriage name as the defendant's wife, is not sufficient to show this; on the contrary, the fact that she was known by the plaintiff to be a married woman, and supposed to be the defendant's wife, is rather *prima facie* evidence that the credit was given to the husband. The question is whether the credit was given to the wife alone, because the account was

opened in her name. That circumstance is by no means con-clusive, as it is merely in accordance with the ordinary known course of business. Had the matter been submitted to the jury, they would have had to draw the conclusion of fact, and the judge had no right to withdraw it from them and draw the conclusion of fact himself." *Paquin, Limited,* v. *Beau-clerk,* Law Reports; *Appeal Cases* 148 (1906); *Paquin* v. *Beauclerk,* 21 The Times L. R. 361.

In *Godfrey* v. *Brooks,* 5 Harrington (Del.), 396, it was held: "The book entry does not determine absolutely the ques-tion to whom credit was given. Though one person be charged there may be circumstances that will make another liable. The liability is not on the book of original entries; it is upon the sale of the goods of which the book entry is only one mode of evidence."

In *Schouler on Domestic Relations,* sec. 64, it is said: "The husband is not relieved by the single circumstance that the goods were charged on the shop books to the wife, since *prima facie,* the actual credit is always supposed to be given to the husband." See also *Furlong* v. *Hyson,* 35 Me. 332; *Baker* v. *Carter,* 83 Me. 132.

The defendant's first prayer was proper and should have been granted. It is as follows: The defendant prays the Court to rule as a matter of law that Edgar M. Noel, the hus-band of the defendant, was liable, during his lifetime to sup-port his wife and children by supplying them, or causing them to be supplied, with the necessities of life, and if the Court, sitting as a jury, shall find from the evidence that the articles mentioned and described in the statements or accounts attached to the declaration, constitutes such necessities, then there is a presumption in favor of the said Edgar M. Noel having pledged his own individual credit for the payment thereof, and the burden rests upon the plaintiff to overcome such presumption by a fair preponderance of the evidence tending to prove that the said Edgar M. Noel did not pledge his credit and that said articles were not delivered upon credit extended by the plaintiff to him, but on the contrary,

were delivered solely upon credit extended by the plaintiff to the defendant.

In the present case the proof shows that while the articles were charged on the appellee's books in the name of the wife, in her married name, the bills were sent by the husband's directions to him at his office and were paid by him, up to the time of his death.

In 1 *Mecham on Agency,* sec. 166, it is said: "Where the wife has authority to bind her husband, she may, nevertheless, under modern statutes, bind herself, if she sees fit to do so; but the same rule would be applicable here as elsewhere, that a known agent, acting as such, is presumed to intend to bind his principal rather than himself, and this presumption must be overcome before she can be charged." See *Moore* v. *Copeley,* 165 Pa. 294; *Jones* v. *Gutman,* 88 Md. 355; *Powers* v. *Russell,* 26 Mich. 179; *Feiner* v. *Boynton,* 73 N. J. L. 136; *Debenham* v. *Mellon,* 5 Queen's Bench Div. 394; affirmed by *House of Lords,* 6 Appeal Cases, Law Reports 24, 1880, and *Jolly* v. *Rees,* 15 C. B. N. S. 628.

The defendant's second prayer was properly rejected. The fact that the appellee also filed the same claim under oath against the estate of the husband, in the Orphans' Court, was one of the circumstances to be considered by the jury in determining to whom credit was extended, but not conclusive of the question.

For the error in granting the plaintiff's first prayer as modified, and in rejecting the defendant's first prayer, the judgment will be reversed and a new trial will be awarded.

*Judgment reversed, and a new trial awarded,*
*with costs to the appellant.*