JOSEPH R. CHARRON *vs.* HARRY W. DAY, executor.

Franklin.    September 18, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Married Woman.    Husband and Wife.    Physicians and Surgeons.    Contract,*
Implied in fact, Validity.

A married woman may bind her separate estate by an express promise, or by conduct and words from which a promise may be inferred, to pay for necessaries furnished to her while living with her husband.

Where a physician rendered professional services to a married woman living with her husband, made charges to her for his services apparently with her knowledge and gave a credit of $10 on his bill for a load of hay cut from land belonging to her, and where she said to the physician that she would leave property enough to pay his bill and that he would get his pay after her death, in an action brought by the physician against the executor of the will of the woman for his services

up to the time of her death, it can be found that the defendant's testatrix intended the plaintiff to understand that her estate should be bound to pay his charges if they were not paid before her death, and that this would be equivalent to a promise to pay the debt after her death, on which the plaintiff could recover. "A contract to pay money after one's own death is valid." Citing *Earle v. Angell*, 157 Mass. 294, 296.

CONTRACT against the executor of the will of Addie L. Day, late of Greenfield, for $1,610.89, alleged to be the balance due upon a running account for medical services rendered to the defendant's executrix up to the time of her death, according to an account annexed. Writ dated May 3, 1916.

In the Superior Court the case was heard by *Aiken*, C. J., without a jury, upon an auditor's report. The material evidence is described in the opinion. The defendant asked the Chief Justice to rule that upon the evidence the plaintiff could not recover. The Chief Justice refused to make this ruling and found for the plaintiff in the sum of $1,543.69. The defendant alleged exceptions.

*H. E. Ward*, for the defendant.

*T. M. Hayes*, for the plaintiff.

RUGG, C. J. This is an action by a physician to recover for services rendered to the defendant's testatrix during a period of years extending to the time of her death. She was then a married woman living with her husband, who worked for the support of the family and furnished her the money with which she paid the household bills, including certain cash payments to the plaintiff.

The law implies an obligation on the part of the husband to pay for medical attendance rendered to his wife. But under the present statute the wife also may incur an obligation to pay for such attendance. St. 1910, c. 576, whereby a married woman may be held liable under stated conditions jointly with her husband for debts for necessaries not exceeding $100 in value, has no application to the facts of the case at bar. But a married woman may bind her separate estate to pay for necessaries furnished to her by an express promise or by conduct and words from which an intentional obligation to that effect may be inferred. *Labaree v. Colby*, 99 Mass. 559. *Caldwell v. Blanchard*, 191 Mass. 489. R. L. c. 153, § 2.

The auditor's findings bearing upon this point are that "No express agreement was made by Mrs. Day to pay Dr. Charron

for his services. . . . Mrs. Day often told Dr. Charron that there would be property enough left by her after her death to pay him and that he would get his pay. . . . All payments made on account of this bill were cash with the exception of one item of credit, which was one load of hay December 5, 1902, $10. Mrs. Day owned the land from which this hay was cut and knew of the transaction. . . . His charges were made against Mrs. . . . Day and whenever payments were made on account of his bill Mrs. Day made them or they were made by her direction," presumably, however, out of money furnished her by her husband. "I do not find that . . . she knew the amount of Dr. Charron's charges against her, nor that she knew that Dr. Charron was charging her for services to other members of the family, nor do I find that there was ever any promise to pay upon her part any bill of Dr. Charron during her lifetime, but that she told the doctor that, if you do not get your money now, you will sometime after my death." The finding was against the plaintiff so far as services rendered to other members of the family are concerned, and no question arises on that point.

The request of the defendant for a ruling that the plaintiff could not recover was denied rightly in view of these findings of fact. The testatrix knew that the attendance was rendered to her and apparently knew that the charges were made against her. One credit upon the account was made seemingly out of her property with her knowledge and consent. The finding that there was no "express agreement" on her part to pay must be considered in connection with the further finding that she said to the doctor that she would leave property enough to pay the bill, and that he would get his pay after her death. The fair implication of these words might reasonably be found to be that she intended him to understand that her estate should be bound to pay his charges, if they were not paid before her decease. If this was so, then it would be equivalent to a direct promise to pay the debt after her death. "A contract to pay money after one's own death is valid." *Earle* v. *Angell,* 157 Mass. 294, 296.

*Exceptions overruled.*