JOHN T. FARVER ET AL. *v.* MARCUS D. L. PICKETT,
ADMINISTRATOR.

[No. 80, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was submitted on briefs to Bond, C. J., Patti-son, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Theodore F. Brown* and *A. Earl Shipley,* for the appellants.

*D. Eugene Walsh,* for the appellee.

Urner, J., delivered the opinion of the Court.

The will of Sarah J. Pickett, late of Carroll County, contained the following provision: "All my just debts and funeral expenses with a small monument to be erected at my grave, shall be first duly paid." After bequests of personal effects to a niece and a sister, the will directed that all the residue of the estate should be sold, and then bequeathed one-third of the proceeds to Marcus D. L. Pickett, the husband of the testatrix, and the remaining two-thirds in equal shares to her husband, a sister, and four brothers. In an administration account filed by the surviving husband, as administrator *c. t. a.,* credit was taken for payments of the funeral expenses of the testatrix, amounting to $297, a grocer's bill of $9.85 for provisions furnished on her order, doctors' bills of $10, and $352.50 for services to her rendered in her last illness, from June to November, 1930, and a claim of $220 for money loaned the husband to pay the nurse who attended his wife during that period. Objections to the allowance of these items were filed by the brothers and sister named as residuary legatees. The orphans' court overruled the objections, one of its members dissenting in part, and from the order to that effect and ratifying the account, an appeal to this court has been taken by the exceptants.

12

The question as to the item of funeral expenses will be first determined. Apart from the direction in the will on that subject, the husband's primary responsibility for such an expense would debar him from charging it against his deceased wife's estate. *Willis v. Jones,* 57 Md. 362; *Stonesifer v. Shriver,* 100 Md. 24, 59 A. 139; *Bliss v. Bliss,* 133 Md. 61, 104 A. 467; *McFerren v. Goldsmith,* 137 Md. 573, 113 A. 107; *Barnes v. Starr,* 144 Md. 218, 124 A. 922. But it was legally permissible for the wife to impose that obligation upon her estate, and thus relieve her husband of it, by a suitable provision in her will. When a testamentary purpose to that end has been definitely expressed, it should be given its due effect. 30 *C. J.* 608, 923, 924; *Bagby, Maryland Law of Excrs. & Admrs.* (2nd Ed.), p. 173; *Pafford v. Hinson,* 34 Ga. App. 73, 128 S. E. 207.

The propriety of charging the other disputed items against the estate of the testatrix depends upon an inquiry as to whether they represent debts for which she was independently liable. The provision in the will for the payment of her just debts has no influence in the solution of that problem, because even if it were absent from the will her estate would be chargeable with debts which she had actually and separately incurred, and the presence of such a provision does not aid us in deciding as to the validity of particular claims. In this state a married woman is legally capable of contracting debts on her individual responsibility for which her estate may be chargeable. The husband is not liable for a debt thus contracted upon the wife's sole credit. *Weisker v. Lowenthal,* 31 Md. 413; *Jones v. Gutman,* 88 Md. 355, 41 A. 792; Code, art. 45, sec. 5. The creation of an exclusive liability on the part of the wife may be express or implied. *Charron v. Day,* 228 Mass. 305, 117 N. E. 347. In this case the evidence sufficiently proves that, either expressly or by implication, the testatrix alone was given the credits, and assumed the obligations, represented by the claims for medical services and for food supplies to which we have referred, but we find no such support in the record for the remaining claim, which is for money advanced to the husband of the

testatrix to pay the nurse who attended her during her illness. The creditor who loaned the money for this purpose testified that he made the loans to Mr. Pickett without any authorization from his wife. It thus affirmatively appears that the claim is not for the payment of an indebtedness which she either expressly or impliedly contracted. Her husband's liability for that necessary expense is not affected by the fact that she had sufficient means for its payment. *McFerren v. Goldsmith, supra.*

There is no adequate ground for the contention that the objections to the claims in controversy, other than the one for funeral expenses, should be overruled because of their payment by the administrator after they had been passed by the orphans' court. While it has been held that if a claim is duly passed by that court, and "the administrator has no reason to question its validity, he is protected in making payment without exacting the proof prescribed by the statute" (*Newcomer v. Beeler,* 116 Md. 647, 650, 82 A. 460, 461), the right to question payments made by an administrator of a claim relieving his own liability has been distinctly recognized by this court, notwithstanding the fact that the claim had received the orphans' court's preliminary approval. *Stonesifer v. Shriver,* 100 Md. 24, 59 A. 139. The order appealed from must be reversed with respect to the allowance of the item for money loaned to the husband of the testatrix. In other respects the order will be affirmed.

*Order affirmed in part, and reversed in part, and case remanded for further proceedings in conformity with this opinion; the costs to be paid out of the estate.*