Mrs. H. Sterling SWANSON, a/k/a Hildegarde S. Swanson, Appellant,

v.

HUTZLER BROTHERS COMPANY, a corporation, Appellee.

No. 2045.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 9, 1957.

Decided Oct. 8, 1957.

---

1. See our Rule 21(f).

2. See our Rule 26.

Joseph Anthony Moran, Washington, D. C., for appellant.

Bernard D. Lipton, Washington, D. C., with whom Morton Kudysh, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The trial court gave judgment against appellant for the balance due on purchases made by her from appellee corporation. Seeking a reversal, her principal contention is that credit was not extended to her but to her former husband, from whom she is now divorced.

There was evidence that appellant bought certain items of feminine wearing apparel and accessories on a charge account which she maintained with appellee in the name of "Mrs. Neil Swanson." An employee of appellee testified that credit was extended to her. It was also shown that appellant had a checking account in the name of "Mrs. Neil Swanson." Appellant's testimony indicated that she was an unemployed housewife prior to her divorce and that her husband usually paid her bills and had made a payment of $100 on the account in question some nine months after the divorce became final. There was little or no evidence that her husband failed to provide her with necessaries or the means to procure them, or that she had any express or apparent authority to pledge his credit.

Since the purchases were made in Baltimore, Maryland, the case is governed by Maryland law. Generally, a husband has the obligation to furnish his wife with necessaries, and if he fails in this regard the wife has the right to pledge his credit and contract debts for them, for which he will be liable. Her authority to act under such circumstances is conclusively presumed. However, if there is no showing that he has not discharged his duty to support her, the question of her authority is one of fact to be determined from all the circumstances.[1] Further, it is possible for a wife to contract debts in her individual capacity, even for necessaries, for which she will be

1. Jones v. Gutman, 1898, 88 Md. 355, 41 A. 792.

solely liable,* and whether the goods are sold upon the credit of the husband or that of the wife is a factual issue.**

■ There was no evidence to indicate that appellant's husband failed to support her. Consequently, the only issues here were factual ones which the trial court resolved against appellant. We think there was substantial evidence to support the finding.

Affirmed.

* Pickett's Estate v. Pickett, 1932, 162 Md. 10, 158 A. 29.

** Noel v. O'Neill, 1916, 128 Md. 202, 97 A. 513.