JOHN HODGES *vs.* THE PLANTERS' BANK OF PRINCE GEORGE'S COUNTY.—*Dec.* 1835.

M was indebted to the *Planters' Bank* upon two notes as drawer, discounted for his benefit; one of which was endorsed by H and G, and the other by G and I. M was a stockholder in the Bank, and transferred his stock to H (after the note endorsed by G and I was due and unpaid) to be applied towards the payment of the note he had endorsed. The Bank obtained judgment against the drawer and endorsers—and stopped payment, procuring from the Legislature authority to settle and collect its debts, with a provision, that after paying its own creditors, the directors should allow the debtor stockholders to pay their debts to the Bank in its own stock, at a valuation to be placed on it by the directors. The creditors being paid and the stock valued, H claimed to pay a part of his debt in the stock transferred to him as aforesaid. This the Bank resisted, on the ground that M could not transfer his stock (under the Charter of the Bank) while his note, endorsed by G and I remained unpaid. The transfer described the note, which it was made to secure, as endorsed by H and I, and not by G as was the fact. H obtained an injunction against the Bank, prohibiting an execution against him, which the County court, on the coming in of the answer, contesting the right of M to make the transfer under the Charter, dissolved, and H appealed under the act of 1832, ch. 197. HELD,

1.—That as the error in the transfer of the stock, describing H as endorser of the note intended to be secured for G, was manifest from the proceedings, it was unnecessary to make him a party to the Bill for the injunction.

2.—That the Charter of the Bank (1817, ch. 16) for its better security, and as a means of enforcing the payment of debts due to it, gave the privilege of preventing the transfer of its stock by any stockholder, whose debt was actually due, until payment of his debt; which privilege the Bank might waive.

3.—In the absence of fraud or collusion, a transfer made on the books of a Bank, in the ordinary course of business, binds the Bank, and a loss therefrom, arising from either a misconception of duty or error of judgment on the part of the officer permitting the transfer, falls on the Bank and not on the transferee

Whenever an injunction is granted, on the ground that the defendant at law is entitled to a credit for a sum *less* than the whole amount of a judgment, it ought to be with a proviso that the plaintiff at law may proceed by execution to collect the undisputed balance of the judgment.

APPEAL from the equity side of *Prince George's* County court.

This case was brought before the court of Appeals, under the provisions of the act of 1832, ch. 197, from an order of *Prince George's* County court, dissolving an injunction which it had theretofore granted upon the application of the appellant.

It appeared by the bill and answer, that the late *John R. Magruder* (the then President of the *Planters' Bank*) was indebted upon two notes, as drawer, discounted for his benefit; upon one of which the appellant and *George L. Magruder* were endorsers; the other being endorsed by the same *George L. Magruder* and *John R. Magruder, Junior.*

That at the time these notes were discounted, *Magruder*, the drawer, was the proprietor of stock in the Bank, to the amount of six hundred dollars and upwards, which, for the purpose of indemnifying the appellant, he transferred to him, after the note upon which he was not an endorser was lying over unpaid, to be applied towards the payment of the note he had endorsed.

That these notes, not being paid, suits were brought upon them by the Bank, and judgments obtained against the drawer and endorsers. That the Bank having stopped payment obtained authority from the Legislature to settle and collect its debts, with a provision that after paying its own creditors, the Board of Directors should allow the debtor stockholders to pay their debts to the institution in its own stock, at a valuation to be placed upon it by the directors; and that the creditors of the Bank being all paid, and the stock valued by the directors at eighty cents in the dollar, the appellant claimed to have the stock so transferred to him by *Magruder*, discounted from the judgment, at that rate. This the Bank resisted upon the ground, that the charter rendered *Magruder*

incompetent to transfer his stock after one of his notes became due, and whilst it remained unpaid.  The transfer itself described the note, which it was made to secure, as endorsed by the complainant, and *John R. Magruder, Junior,* and not *George L. Magruder,* as was in fact the case.

Upon the refusal of the Bank to allow the credit claimed on account of this stock, the appellant filed a bill for an injunction and relief against the judgment.  The injunction was granted, but upon the coming in of the answer, in which the incompetency of *Magruder* to make the transfer was insisted upon, it was dissolved; and from the order of dissolution the present appeal was taken.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

R. JOHNSON and BOWIE for the appellant contended

1. That the 19th section of the charter, 1817, ch. 17, having been introduced for the benefit of the Bank, and to prevent the transfer of stock *from it,* by parties indebted, could have no application to the case of a transfer *to it;* but if it could, it was perfectly competent for the Bank to waive the provision, as it might even relinquish the debt itself, which the transfer was designed to secure.   *Grant et al. vs. Mechanics' Bank of Phil.* 15 *Serg. and Rawl.* 143.

Those restrictions upon the right of transfer, being in restraint of trade, are to be narrowly construed.   *Sargent et al. vs. Franklin Ins. Co.* 8 *Pick.* 90.

2. The transfer in the present instance, was made by the proper officer, and is conclusive upon the Bank.   *Sewall vs. The Lancaster Bank,* 17 *Serg. and Rawl.* 286.   If this were not so, then no one would be safe in receiving a transfer of stock, without a direct and special application to the Board of Directors.   The officer to be sure, may have been guilty of misconduct in making the transfer, but that cannot affect its validity with reference to third persons without notice,

and there is nothing to show that *Hodges* knew that *Magruder* owed any other debt.

PRATT for the appellee.

1. *John R. Magruder, Junior*, should have been a party, the transfer having been made in part for his benefit, and the case having been brought before this court by an *ex parte* proceeding under the act of 1832, ch. 197, the appellee is not precluded from urging this objection.

2. When the note, which fell due in 1829, remained unpaid, *Magruder*, by the very terms of the charter, was incapacitated from transferring his stock. A transfer under such circumstances is absolutely prohibited; and it may therefore be doubted, whether it could be done, even with the consent of the Bank, but without such consent there is no pretence for the power.

The case, *Sargent et al. vs. Franklin Ins. Co.* 8 *Pick.* 90, was decided upon a by-law, and not the charter of which the public has notice; and the case in 17 *Serg. and Rawl.* grew out of a charter, which conferred upon the Bank the privilege of permitting the transfer, which that of the *Planters' Bank* imperatively forbids. *Grant et al. vs. Mechanics' Bank of Phil.* 15 *Serg. and Rawl.* 142.

He cited also *Union Bank vs. Laird, 2 Wheat.* 390, and the act of 1811, ch. 171.

CHAMBERS, Judge, delivered the opinion of the court

The sole question for decision is, whether the appellant is entitled to a credit at the hands of the appellee, for the value of the stock transferred to him by *John R. Magruder.*

That the note endorsed by the complainant and *George L. Magruder*, and upon which the judgment was obtained at law, is the note intended by the agreement, and transfer stated in the bill, is manifestly shown by the bill and answer. The error therefore, in the description given of that note in the transfer, by which it is said to be a note endorsed by the complainant, and *John R. Magruder, Jr.* can confer no inte-

rest on *John R. Magruder, Jr.* to affect which it was necessary to make him a party.

The charter of the bank, (1817, ch. 16,) for its better security, and as a means of enforcing the payment of debts due to it, gave the privilege of preventing the transfer of its stock, by any stockholder whose debt was actually due, until payment of the debt.

This privilege the bank may waive. If the Directors of the bank after deliberate consideration, and by an express resolution had waived the privilege in this particular case, the binding and conclusive effect of such a resolution would seem to be undeniable. The appellant was not then a member of the Board of Directors, nor as far as the facts enable us to judge even a stockholder, admitting for the sake of the argument that such a fact would have had any influence upon the transaction. Certainly then, it was not his business, nor was the obligation imposed upon him, to inquire into the special power of the regular officers of the bank, to perform a duty appropriate to their station.

The bank must act by its officers, and can act in no other mode. The transfer of stock is directed and managed by the President and Cashier. The usual forms and ceremonies were observed in this case, as in all others of transfer of stock. The Directors of the bank confide this duty to the President and Cashier; persons receiving transfers know no other officers in the transaction. If fraud or collusion exist, it will, as in all other cases, vitiate the act, but if there be no fraud or collusion, the bank, and not the transferee, must abide the loss, if a loss be sustained by any act of the proper officer of the bank, arising either from a misconception of his duty, or a want of judgment. No fraud, or collusion is pretended in the case before us, and the transfer must therefore, as the matter stands upon the bill, and answer be considered effectual to pass the stock to the complainant, for the purpose mentioned and intended in its terms.

For these reasons we think the court below erred in dis-

solving the injunction, as to so much of the debt claimed by the judgment, as would have been paid and discharged by the value of the stock.

In reference to the residue of the debt, the dissolution was proper. A diversity of practice has existed in the different courts of equity in this State, in the case of injunctions to stay judgments at law, and we deem it proper to express the opinion, that whenever an injunction is granted, upon the ground that the defendant at law is entitled to a credit, for a sum less than the whole amount of the judgment, it ought to be with a proviso that the plaintiff at law, may proceed by execution to collect the undisputed balance of the judgment, there appearing no cause, by the complainant's own statement, why the plaintiff at law, should be delayed as to the residue of the debt.

ORDER REVERSED.