ARTHUR J. WILLIS *vs.* JAMES M. JONES, and others, Assignees of JAMES M. JONES.

*Rights of a Surviving Husband in his Wife's Personal Property—Injunction against Execution of a Judgment for amount of the Wife's Personal Estate converted to his own use by her Administrator, whose Letters were Revoked at instance of the Husband—Credits on such Judgment—Assignees—Practice in Equity—Appeal and Transmission of Record.*

In February, 1873, J. and his wife by articles of separation agreed to live apart. In April, 1874, she died intestate leaving children. Letters of administration upon her estate were granted to W., her brother. J. applied to have the letters revoked, which was finally done; and it was decided, that he was entitled to a life estate in her personal property, and that no letters on her estate could be granted to any one during his life. In October, 1874, pending the proceedings for the revocation of the letters, W. sold the personal property and received the proceeds of sale. In January, 1876, after decision in J's favor, J. sued W. in trover to recover the property he had thus sold and converted. J. recovered judgment and issued execution thereon, when W. applied for an injunction to restrain the execution of the entire judgment, on the ground that he was entitled to set off against it the following claims, amounting to more than the judgment: 1st. A single bill executed to W. by Mrs. J. in February, 1874; 2nd. A claim consisting of an open account, mainly charges for the support, clothing, &c., of Mrs. J's children, supplied and paid for by W. after her death; 3rd. A claim for funeral expenses of Mrs. J. paid by W.; 4th. A claim for costs in an action brought by J. against W. for enticing away the wife, in which action J. failed. The Court below allowed the first claim, and ordered, that J. might proceed with his execution for the residue, after crediting this claim on the judgment. W. appealed from the refusal to grant the injunction to the extent prayed. HELD:

1st. That the amount of the judgment stood in the place of the personal property of which Mrs. J. died possessed; and that J., as surviving husband, was entitled to a life interest in the money so

recovered; and that upon his death the principal would devolve upon and belong to their children.

2nd. That the propriety of allowing the first claim as a set-off, was not presented by this appeal: that the second claim should not be allowed, as J., as surviving husband, and father of the children, was bound to support them, and if their support was supplied by any one else, it might furnish ground of action against J., but no lien on the wife's separate property could be created in that way; that the third claim was also not allowable, as J. was chargeable with, and bound to pay the funeral expenses of Mrs. J., and they were no lien on her separate estate; that the fourth claim, an individual debt of J., could not be used to diminish the amount of the judgment in which J. had merely a life estate; and that in fine, W. had no cause of complaint on account of J. being allowed to proceed with his execution after crediting the first claim on the judgment.

It appeared that J. had assigned the judgment in part, to other persons. HELD:

1st. That it mattered not to W. whether the balance (after crediting the first claim.) was collected, and judgment to that extent enforced by J., or by such assignees.

2nd. That if an application on behalf of the children had been made to have the sum when collected set apart and invested, so as to secure its payment to them upon the death of their father, then the question would arise as to his power to assign the judgment, and the right of the assignees to appropriate to their own use the amounts separately assigned to them.

A delay of more than five months in the transmission of a record on an appeal from orders refusing to grant an injunction according to the prayer of the bill, is not in compliance with Rule 10, of this Court, that it shall be made and transmitted forthwith after the appeal prayed. Rule 16, of this Court, puts the burden of proof on the appellant to show sufficient cause for the unauthorized delay, and he must make it affirmatively appear that such delay was not caused by his own default or *laches*, but by the neglect, omission or inability of the clerk of Court.

APPEALS from the Circuit Court for Caroline County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*George M. Russum,* for the appellant.

*D. M. Henry, Jr.,* and *S. J. Milbourne,* for the appellees.

MILLER, J., delivered the opinion of the Court.

This bill was filed by the appellant to restrain execution of a judgment recovered against him by James M. Jones. The bill charges, that the complainant is entitled in equity to set off against it certain claims, aggregating more than the amount of the judgment, and therefore prays for an injunction restraining execution of the whole judgment. Upon the filing of the bill, the Court, on the 17th of April, 1880, passed an order granting an injunction restraining the defendants from proceeding with the execution issued on the judgment, " until they shall have first credited " thereon the amount of a certain single bill, being one of the claims relied on by the complainant as a set-off, the complainant treating this order as a refusal of the injunction, as to the balance of the judgment, entered an appeal therefrom on the 31st of December, 1880. Afterwards, on the 6th of April, 1881, the Court, upon petition of the defendants, so modified the restraining order as to allow them to *proceed with their execution* for the balance due on the judgment after crediting thereon the amount of said single bill. This modification simply made the order conform to what was obviously the intention of the Court, when it was originally passed, and to the settled practice in such cases ; for if the Court was right in assuming that this single bill was the only credit to be allowed on the judgment, then the in-

junction was properly restricted by the modified order, and the execution properly allowed to proceed as to the residue. *Hodges vs. Planters' Bank,* 7 *G. & J.,* 306 ; *Levy and Wife vs. Steinback,* 43 *Md.,* 214. From this order also, the complainant, on the 11th of April, 1881, took an appeal, but the record was not transmitted to this Court until the 3rd of October following, more than ten months after the *first* and more than five months after the *second* appeal, and a motion has been made to dismiss both appeals, upon the ground that the record was not transmitted to this Court within the time required by law.

Each appeal is by the complainant from a *refusal* to grant an injunction to the extent prayed for by his bill. He asked that execution of the *entire* judgment should be restrained, but this was refused and hence his appeals. By sec. 25, Art. 5 of the Code, as amended by the Act of 1868, ch. 102, it is provided that, " whenever any Court having equity jurisdiction, shall refuse to grant an injunction *according to the prayer of the bill,* or petition filed in the cause, an appeal may be taken from *such refusal* by any party aggrieved thereby, and the said appeal shall be heard on a transcript of the said bill or petition, with such other papers or proceedings in the cause, as may be considered necessary for the purposes of the appeal, and as soon as conveniently may be after such transcript shall have been filed in the Court of Appeals ;" and by *Rule* 10, *regulating appeals,* (29 *Md.,* 4,) it is provided that where appeals are taken under this provision of the Code, " the transcript of the record shall be made and transmitted to the Court of Appeals *forthwith* after the appeal prayed." It is very clear that a delay of more than five months in the transmission of such a record as the one in the case before us, is not in compliance with the rule that it shall be made and transmitted "*forthwith* after the appeal prayed."

But the appellant's counsel insists that the appeal should not be dismissed because the delay arose from the fault of the clerk, and several affidavits on this subject have been submitted for our consideration. Without doubt, *Rule* 16, (29 *Md.*, 7,) applies to this case, but it is well settled that that rule puts the burden of proof on the appellant, to show some sufficient cause for the unauthorized delay, and he must make it affirmatively appear that such delay was not caused by his own default or *laches*, but by the "neglect, omission or inability of the clerk." *Ewell vs. Taylor*, 45 *Md.*, 573. Now it is by no means clear, from the affidavits before us, that the appellant has made out a case upon which the appeals can be sustained, under the rule as thus construed. But we do not deem it important to decide this question because the practical result to the appellant will be the same, whether the appeals be dismissed or not, for we are all of opinion that if the appeals be sustained, the order of the 6th of April, 1881, must be affirmed.

The facts of the case, necessary to be stated, are briefly as follows: Jones and his wife separated in February, 1873, and in April, 1874, the wife died intestate, but leaving children. Shortly thereafter letters of administration upon *her estate* were granted to her brother, the present appellant. Jones, the surviving husband, then applied to have these letters revoked, upon the ground that the grant of them was contrary to law, and in contravention of his rights in her property. The order revoking the letters, was, on appeal affirmed by this Court, and the case is reported in 42 *Md.*, 422. In that case it was decided, 1st, that whatever personal property Mrs. Jones died possessed of she acquired and held under the first section of Article 45 of the Code, and by the second section of that Article, her surviving husband was entitled to a life estate therein, she having left children. 2nd, that the surviving husband had not, by the articles of separation

and the conveyances referred to, parted with or abandoned his rights to the property which his wife might thereafter acquire and die possessed of, and with respect to such property thus acquired and held by the wife under the above section of the Code, no letters of administration could be rightfully granted to any one during the life of the surviving husband. In October, 1874, pending the proceedings for the revocation of these letters, the appellant sold the personal property thus belonging to Mrs. Jones, and received the proceeds of sale. In January, 1876, after the order revoking the letters had been affirmed by this Court, Jones, the surviving husband, sued the appellant to recover for the property he had thus sold and converted. The suit, as originally brought, was an action of debt upon the administration bond given by the appellant, but by amendment it finally took the shape of an action of *trover* against the appellant alone for the wrongful conversion of this property, and the judgment recovered by Jones in that case, is the judgment, the execution of which the appellant by his bill in this case seeks to have restrained. It is clear, from these facts, that the amount of this judgment, represents and stands in the place of the personal property of which the wife died possessed, that Mr. Jones, the surviving husband, is entitled to a life interest in the money so recovered, and that upon his death the *corpus* or principal sum will devolve upon and belong to the children of his deceased wife. Such being the nature and character of the judgment, let us see if the appellant is entitled to a reversal of either of the orders appealed from.

He sets up certain claims as a set-off to the judgment. The first of them is a single bill for $528.67, executed to him by Mrs. Jones on the 16th of February, 1874. The propriety of allowing this as a set-off is a question not presented by these appeals. The Court below, by the orders from which the complainant alone has appealed,

*allowed* this claim as a credit upon the judgment and no appeal has been taken by any of the defendants. The sole question, therefore, which the present appeals present for review, is whether there be error in the Court's refusal, also to allow as credits upon the judgment, the three other·claims relied upon by the complainant. In determining this, we must bear in mind, what has already been stated, that the amount recovered by this judgment represents the personal property of the wife, and constitutes a fund of which the interest only belongs to the surviving husband for life, and which, upon his death, devolves upon her children. It seems to us, therefore, very plain, that nothing can be allowed as a set-off to such a judgment, save such claims as are a valid lien or charge upon the wife's property, superior to and overriding the interests of the surviving husband and children therein, and in this light, the three claims referred to must be considered.

1st. The first is a claim amounting to $776.35, and consists of an open account commencing in May, 1874, and running to March, 1877. The items are mainly charges for the support, clothing, board and maintenance of the children of the deceased wife, supplied, furnished and paid for by the complainant *after her death*. The account *commences* after the death of Mrs. Jones, and we do not see how it is possible to make this a valid charge or lien upon the separate estate of which she died possessed. The surviving husband, who was also the father of these children, was bound to support and maintain them, and if this support was furnished by some one else, it might furnish ground of action against the father, but it is plain, that a lien upon the wife's separate property cannot be created in that way.

2nd. The same thing may be said of the second claim, amounting to $66.90 for funeral expenses of the wife, paid by the complainant. The husband is chargeable with

these expenses, and was bound to pay them, but they constitute no charge upon the wife's separate estate.

3rd. The third claim arises out of the fact, that Jones sued the appellant for enticing away his wife, and failing in the action, the appellant recovered a judgment against him for $102.75 costs, but he cannot so use this judgment as to diminish the amount of the sum recoverable under the judgment against himself. That sum, as we have said, constitutes a fund in which the children are interested, and to which they are entitled after the death of their father. The *principal* of that fund cannot be diminished by the individual debts of the husband, and this judgment for costs, affords, therefore, no reason why execution of the judgment against the appellant, and the collection of the amount due thereon should be stayed.

These views dispose of the question presented by the appeal, and it follows that the appellant has no cause to complain of the order which allows the execution to proceed for the balance due on the judgment after crediting the amount of the single bill. It matters not to him whether this balance be collected, and the judgment to that extent enforced by Jones. the original judgment creditor, or by parties to whom he has made assignments thereof. If the children were intervening and asking a Court of equity to have the sum when collected set apart and invested so as to secure its payment to them upon the death of their father, then the question would have arisen as to his power to assign the judgment, and the right of the assignees to appropriate to their own use the amounts severally assigned to them. But no such application has been made by or on behalf the children, and as the record stands, the order of the 6th of April, 1881, will be affirmed, and the cause remanded.

> *Order affirmed, and*
> *cause remanded.*