MARGARET T. J. WATT, surviving executrix and trustee under the will of Emeline H. Jordan, deceased, complainant and appellant,

v.

THE ATLANTIC SAFE DEPOSIT AND TRUST COMPANY, executor and trustee under the will of Albert M. Jordan, deceased, defendant and respondent.

[Argued June 16th, 1920.   Decided November 15th, 1920.]

1. Generally speaking, the ultimate liability for the funeral expenses of the wife, as between the husband and the wife's estate, rests upon the husband if he is solvent, and if he pays the expenses, he cannot recover against the wife's estate; but where the wife by will directs the payment of her funeral expenses out of her estate, the ultimate liability will fall upon her estate rather than upon the husband, and he is entitled to reimbursement from her estate in case he has paid such charges.

2. Where a will makes a legacy a charge upon the income of the estate, and imposes upon the executor the obligation to make payment thereof, such payment when made is impressed with the character of a payment made under and pursuant to the will, in the absence of clear and convincing evidence to the contrary.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Messrs. Bourgeois & Coulomb,* for the appellant.

*Mr. William M. Clevenger,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This suit was originally begun in the Atlantic circuit court, but upon the jurisdiction of the circuit court being questioned, the cause was transferred to the court of chancery, pursuant to chapter 233 of *P. L. 1912 p. 417,* and was treated in that court, without objection, as a bill by an executor against the executor

of the deceased co-executor for an accounting touching liability of the deceased co-executor to decedent's estate at his death.

The circumstances were as follows: Emeline H. Jordan died October 29th, 1911, leaving a last will and testament in which she named her husband, Albert M. Jordan, and her daughter, Margaret T. J. Watt, as executors and trustees. By the will she directed, among other things, that out of her estate her executors should first pay her funeral expenses, and secondly, should pay to her sister, Mary A. Gibson, "an annuity of $240 per annum during her life, said sum to be paid in equal monthly payments." Mr. Jordan and Mrs. Watt qualified as such executors and trustees. Mr. Jordan died November 11th, 1916, leaving a last will and testament in which he named the Atlantic Safe Deposit and Trust Company as his executor and trustee. During his lifetime, Mr. Jordan, following the directions of his wife's will, paid her funeral expenses, amounting to $355.60, and also paid to her sister, Mary A. Gibson, the sum of $240 yearly from her death until his death, or $1,200 in all.

The court of chancery held that the $355.60 paid by Mr. Jordan for his wife's funeral expenses should be charged against Mrs. Jordan's estate, and not against Mr. Jordan, her husband. This forms the first ground of appeal.

The court further held that under the testimony the payment by Mr. Jordan to Mrs. Gibson of $240 a year for the five years following his wife's death, amounting to $1,200, should be charged against the estate, and not against Mr. Jordan individually. This determination forms the second ground for this appeal.

We are of the opinion that the decree is right.

We think that the funeral expenses were properly charged to the wife's estate.

Generally speaking, in case of the death of a married woman, the duty to bury her and discharge the expense of so doing devolves upon her husband if he shall survive her. *Gould* v. *Moulahan, 53 N. J. Eq. 341,* and cases there cited. In that case it was rightly held that, while the husband is primarily liable, the wife's estate is secondarily liable; and, if the husband is insolvent, and the wife's personalty is insufficient, the holder of a

claim for such expenses may have the wife's real property sold for the payment of the claim. That implies that the ultimate liability, as between the husband and the wife's estate, rests upon the husband if he is solvent, and that, if he pays the expenses, he cannot recoup against the wife's estate. No doubt, ordinarily, that is so. *Smyley* v. *Reese, 53 Ala. 89; Staple's Appeal, 52 Conn. 435; Brand* v. *Brand, 109 Ky. 1036; Willis* v. *Jones, 57 Md. 362; Galloway* v. *McPherson, 67 Mich. 546; Walsch's Estate, 166 Pa. 204.*

But where, as in the present case, the wife by will directs the payment of her funeral expenses out of her estate, the ultimate liability will fall upon her estate rather than upon the husband, and the husband is entitled to reimbursement from her estate in case he has paid such charges. *In re Skillman, 146 Ia. 601; Willeter* v. *Dobie, 2 Kay & J. 647; Jackson* v. *Westerfield, 61 How. Pr. 399; Re Stadtmuller, 110 App. Div. 76; 96 N. Y. Supp. 1101.*

Also, we think that the wife's estate was rightly charged with the $1,200 paid by Mr. Jordan to Mrs. Gibson.

It was, manifestly, a just claim. We have pointed out that Mrs. Gibson's legacy was, by the terms of the will, made a charge upon the income of the estate. The payments made to her by Mr. Jordan thus enured to the benefit of Mrs. Jordan's estate. The appellant contends that the payment was a voluntary personal contribution upon the part of Mr. Jordan to his wife's estate. But to this it is a sufficient answer to say that the evidence does not satisfy us that it is so. Where, as here, the will makes a legacy a charge upon the income of the estate, and imposes upon the executor the obligation to make payment thereof, such payment when made is impressed with the character of a payment made under and pursuant to the will, in the absence of clear and convincing evidence to the contrary.

The decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—13.

*For reversal*—None.