WILLIAM F. BARNES

*vs.*

SCOTT M. STARR, TO THE USE OF MALCOLM EDWARDS.

WILLIAM F. BARNES

*vs.*

FRANKLIN SQUARE HOSPITAL, TO THE USE OF
MALCOLM EDWARDS.

WILLIAM F. BARNES

*vs.*

J. WALKER THOMAS, TO THE USE OF MALCOLM
EDWARDS.

*Husband and Wife—Medical and Funeral Expenses.*

The husband is liable for medical attention and services to
the wife, for her board and nursing at a hospital, and for her
funeral expenses, even though they are living apart from one
another.

*Decided December 4th, 1923.*

Appeals from the Baltimore City Court (GORTER, C. J.).

Actions by Scott M. Starr, the Franklin Square Hospital
and J. Walker Thomas, all to the use of Malcolm Edwards,
against William F. Barnes. From a judgment in each case
in favor of plaintiff, defendant appeals. Affirmed.

The causes were argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*James F. Thrift* and *T. Tilden Kelbaugh,* for the appellant.

*Eugene Frederick,* with whom were *E. Walter Robinson* and *Blades, Rosenfeld & Frederick* on the brief, for the appellee, Malcolm Edwards.

BRISCOE, J., delivered the opinion of the Court.

There are three appeals on the record now before us, and they are from three separate judgments, rendered in the Baltimore City Court, against the appellant, the defendant in the court below.

The first judgment was rendered in a suit instituted by the plaintiff, Scott M. Starr, to the use of Malcolm Edwards, against the defendant, to recover the sum of $223.20, being for the burial expenses of Ada V. Barnes, the wife of the defendant.

The second suit was instituted to recover the sum of $373.89; being for board, nursing and services rendered the wife, while sick and a patient in the Franklin Square Hospital of Baltimore City.

The third suit was brought to recover the sum of $300 for medical and professional services and attendance rendered the wife by Dr. J. Walker Thomas, in which a judgment was rendered in favor of the plaintiff for the sum claimed. The second and third suits were instituted, it will be seen, by the plaintiffs, for the use of Malcolm Edwards, who had, as in the first suit, paid the money to the plaintiff, and held an assignment for the debt as the cause of action in each one of the suits.

The facts of the case, on each appeal, are undisputed and, for the purposes of the case, are practically admitted, so the issue in each case is one of law, and not of fact.

At the trial of the case, the defendant reserved two exceptions, one to the ruling of the court in refusing to strike out all the evidence offered by the plaintiff, as set out in the first bill of exception, and the second exception to the refusal of the court to grant the defendant's prayers presented in each case.

There was clearly no error in the ruling of the court in overruling the motion to strike out the plaintiff's testimony in each case. This testimony was essential and admissible to establish the plaintiff's right of recovery in each case, and formed the basis of the plaintiff's suits.

The law controlling the husband's liability for funeral expenses, and for medical attention and service to the wife in her last illness, is well settled in this State.

In *Willis* v. *Jones,* 57 Md. 362, the Court held that the husband is chargeable with the funeral expenses of the wife and was bound to pay them, but they constitute no charge upon the wife's separate estate.

In *Stonesifer* v. *Shriver,* 100 Md. 30, the Court said: "At common law, the legal existence and identity of the wife was merged in that of the husband who became entitled to hold and to reduce into his possession all her personal estate, and as a consequence the law cast upon him the duty of supplying her with the necessities suitable to their station in life. The duty of a husband to bury his wife in a suitable manner is involved in the obligation to maintain her while living, and rests also upon a due regard for the decencies of life, and the health of the public. It has been generally held, where the subject has been considered by the courts of this country, that statutes creating the wife's statutory estate do not absolve the husband from his common law obligation to provide suitable burial for the wife, and that he is not entitled to any credit on the settlement of his administration of her estate for such expenditures."

In *Bliss* v. *Bliss,* 133 Md. 75, the law announced in *Willis* v. *Jones, supra,* and *Stonesifer* v. *Shriver, supra,* was reaffirmed and approved, and the Court said: "In this State it

has been held that the statutes preserving to the wife the ownership and enjoyment of her property do not relieve the husband of his common law obligation to maintain his wife and to pay for medical attendance upon her and her funeral expenses." And to the same effect are the cases of *Smyley* v. *Reese,* 53 Ala. 88; *Sears* v. *Giddey,* 41 Mich. 590; *Staples' Appeal,* 52 Conn. 425; *In re Weringer,* 100 Cal. 345.

In *Smyley* v. *Reese,* 53 Ala. 97, *supra,* the court said: "Involved in the duty of maintaining the wife while living, is the duty of burying her on her death. *Schouler's Dom. Rel.* 166. Though the wife dies while living separate from her husband he is bound to pay her reasonable funeral expenses, and if he does not make the provision a person voluntarily paying them is entitled to recover of him the amount so expended."

In *Sears* v. *Giddy,* 41 Mich. 592, it is said: "There was no showing in this case that the wife left property, but this fact is not important. A funeral cannot be delayed, for judicial inquiries to determine upon whom the moral obligation to proceed with it rests most heavily. Nor if husband and son quarrel about the expense over the grave of the wife and mother, can the undertaker be compelled to await a judicial adjustment of their dispute. The husband being liable to him, he need look no further."

The theory of the defendant's prayers being in direct conflict with the law, as stated in the authorities cited, and as applicable to the facts of these cases, they were properly refused.

The objection that the wife was living apart from the husband at the time of her death cannot avail the defendant under the facts of this case.

It is stated in the appellee's brief that the appellant and his wife were married on June 23rd, 1909, and they separated on August 9th, 1919, and continued to live apart for the remainder of the wife's life, which ended in May, 1922. On February 24th, 1921 (erroneously stated 1911 in the record), the wife filed a bill of complaint for permanent alimony

against the appellant. Answer was filed and a final order for alimony *pendente lite* was passed, requiring the appellant to pay the sum of eight dollars per week, which he did to the date of her death, with the exception of two weeks. There was never a hearing on the merits of the case, it having proceeded no farther than the final order for alimony *pendente lite.* Reference is made in the appellant's testimony to a previous suit between the husband and wife involving the payment of alimony. While this is not entirely clear from the record, we assume there is no impropriety in here stating that that suit was a bill filed by the husband against the wife, during the pendency of which he was required to pay alimony, and upon a full hearing on the merits, his bill was dismissed and he thereupon ceased paying alimony.

For the reasons stated, the judgment in each case will be affirmed.

*Judgment affirmed in each case, with costs.*