WILLIAM S. DELISLE, administrator, appellant,

*v.*

SAMUEL A. REEVES, respondent.

[Decided May 19th, 1924.]

On appeal from an order of the prerogative court advised by Vice-Ordinary Foster, who filed the following opinion:

"This is an appeal from an order of the orphans court of Monmouth county opening the decree made therein approving appellant's account as administrator of his wife's estate sustaining exceptions to the account, and directing appellant to restate or to further account for decedent's estate.

"From a stipulation entered into by counsel for the respective parties it appears that Mary E. DeLisle, the wife of the appellant, died intestate, at Allaire, in Monmouth

county, on April 20th, 1919, and that the appellant was duly appointed and has acted as administrator of her estate, which consisted of $1,152.69 on deposit with a trust company, and $1,000 received from a policy of insurance upon her life.

"On November 14th, 1913, one Olive M. Thomson recovered judgment against Mrs. DeLisle for $729.50 In 1915 this judgment was assigned to Reeves, the appellee. On September 19th, 1919, Reeves filed with the administrator his claim against Mrs. DeLisle's estate for the amount then due on this judgment.

"On December 23d, 1919, appellant, as administrator, filed his account and his petition for its allowance, after duly advertising that the account would be presented on this date for settlement, and, no objection being made thereto, the account was settled and allowed by an order of the orphans court entered on January 15th, 1920. Some time in February, 1920, Reeves learned that the administrator has secured this settlement and allowance of his acocunt without having included therein the claim filed by Reeves on his judgment, and without retaining any funds of the estate for the payment of the same in whole or in part; thereupon Reeves, through his attorney, demanded the payment of his claim, and this led to prolonged and unsuccessful negotiations between the attorneys of the parties. In August, 1920, Reeves precented his petition to the orphans court reciting this situation, and asking that the decree approving the administrator's accounts be opened, and that his claim based on the judgment be paid as a preferred claim from decedent's estate. A rule to show cause was issued, and on September 11th, and also on September 18th, 1920, the orphans court made orders directing the opening of the decree approving the account, directing that the account be restated so that it would include Reeves' claim.

"To these proceedings the administrator filed an answer, in which the jurisdiction of the orphans court to open the decree approving his accounts was denied, and in which it

was further claimed that Reeves' only remedy for the omission of his claim from the account and for its non-payment was by an appeal to this court from the decree of the orphans court.

"In January, 1921, the administrator having failed to obey the order of the orphans court to restate his account, Reeves presented his petition to that court to have the administrator adjudged in contempt and such proceedings were had thereon, that on January 11th, 1922, an order was made by the orphans court sustaining exceptions to certain items for which the administrator claimed allowance; and directing the administrator to restate his account within fifteen days and to include therein the claim filed with him by Mr. Reeves. Thereupon this appeal was taken.

"From the record it appears that the estate amounts to $2,152.69, and, in addition, the administrator appears to have advanced from his own funds $544.20, making the total estate for which he accounts $2,696.89, and this entire amount he claims to have disbursed, and insists he has nothing left from decedent's estate from which the Reeves claim can be paid.

"In a memorandum filed by Judge Lawrence in the orphans court, in connection with the order entered on January 11th, 1922, he sustains exceptions taken by Mr. Reeves to certain items of the administrator's disbursements aggregating $1,823.81. These items include undertakers' bills of $818.81; board of nurse, $100; drugs and rubber goods, $80; automobile hire, $50; monument, $600; requiem masses, $175. Most of these expenses were disallowed because of Mr. DeLisle not being insolvent was primarily liable for their payment, and particularly for the payment of his wife's funeral expenses, and especially so where, as here, the decedent's estate would be rendered insolvent by the allowance of these expenses. Authority for this determination is found in *Gould* v. *Moulahan, 53 N. J. Eq. 341,* and in the recent decision of Mr. Justice Trenchard, speaking for the court of errors and appeals in *Watt* v. *Atlantic Safe Deposit Co., 112 Atl. Rep. 186,* and the disallowance of

the cost of the monument is supported by the doctrine of *Griggs* v. *Veight, 47 N. J. Eq. 179.*

"The disallowance of these items is further justified on the ground that they were, as Judge Lawrence determined, unreasonable in amount, in view of the amount of the estate and of its possible insolvency, for, as stated in *Griggs* v. *Veight, supra,* so far as the record discloses, the monument was not suitable to the station in life and circumstances of the deceased, and reasonable with reference to the means of her estate.

"Counsel have stipulated that the whole matter in controversy, including all collateral questions pertaining to this appeal and the accounting, and to the matters before the orphans court, are submitted to the jurisdiction of this court for decision.

"The only questions presented for determination are laches on the part of Reeves in not more diligently pressing for payment of his claim, and I find nothing in the record to show any want of diligence on his part in this respect and the further question of the power of the orphans court to open its decree and to direct appellant to re-estate his account.

"This power of the orphans court is questioned, because Reeves, in his petition to have the decree opened, does not allege that it was entered through fraud or mistake.

"It is elementary that a court of record has sufficient control over its records to prevent them from working an injustice; it is also clear that it is the duty of the court to correct any mistake of law or fact, both of commission and omission, and which is necessary to protect and enforce the rights of parties properly before it. Such was the situation before the orphans court when the order appealed from was made. Appellant's account omitted, or suppressed, all reference to the claim of Reeves. In ignorance of this fact, the orphans court in the ordinary course approved it. Reeves had no reason to bring his claim to the attention of the court; he had filed his claim with the administrator, and, in the absence of notice that it was disallowed or disputed,

he was entitled to assume it would be allowed and paid on the final settlement of the estate.

"When the administrator's failure to include the Reeves claim in his account was brought to the attention of the court, the order in question was then properly made to cure the mistake in the account occasioned by the omission of Reeves' claim, and also for the disallowance of the items for funeral expenses and other disbursements mentioned therein. I have no doubt of the power of the orphans court, under the circumstances mentioned, to make the order appealed from, and I will advise that it be affirmed."

*Mr. Thomas P. Fay,* for the appellant.

*Mr. Ward Kremer,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Ordinary Foster.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.

*For reversal*—None.