STEPHEN MONDOCK, PLAINTIFF, v. GUS GENNRICH, DEFENDANT.

Decided July 31, 1941.

For the plaintiff, *Henry Gottfried.*

For the defendant, *Harry Unger.*

FULOP, D. C. J.   This suit is to recover from defendant the cost of the funeral of his deceased wife.   Plaintiff is the brother of the deceased wife.   He paid the bill and took an assignment from the undertaker of the latter's claim against the defendant.

Defendant's wife died on February 26th, 1941, an inmate of the State Hospital for the Insane at Greystone Park.   She was first committed in July, 1938, and finally adjudged insane in October of that year.   The defendant had separated himself from her several years earlier.   In 1935, he instituted suit for divorce and nullity of marriage.   An order requiring him to pay his wife's costs and counsel fees and $8 a week alimony *pendenite lite* was entered in the suit and remained in force until the death of the wife.   The husband never paid the amounts ordered and never pressed his suit to a conclusion.

Immediately after the wife's death, the authorities at Greystone Park notified her mother but not the defendant. Her family claimed the body. Before the funeral, plaintiff asked defendant to pay for it, but he refused. He did not claim the right to make the arrangements for the funeral. On the contrary, he said he had no money and was willing to have her buried by the plaintiff or by the state. Plaintiff warned defendant that he would be expected to pay the cost and then proceeded to have the funeral performed. The cost was $282.10.

The undertaker testified that this was a reasonable charge for the services performed and materials furnished. No evidence was offered tending to show that the type of funeral accorded the decedent was commensurate with the defendant's means.

At the time of his wife's death, defendant's debts exceeded his assets and this is still the case. He had been and still is earning $30 per week, on which he finds it difficult to maintain himself and his ailing daughter.

At the conclusion of the plaintiff's case, defendant moved for a nonsuit. Decision was reserved until the conclusion of the case when the motion was renewed and defendant also moved for a directed verdict.

It is the established law of this state that a husband is liable for the reasonable cost of his wife's funeral, even though it be ordered and performed without his knowledge or consent, and even though he be living apart from her at the time of her death. The rule is based on public policy.

The insolvency of the husband has no bearing on his liability for burial. If the husband is insolvent, then the wife's estate also becomes liable for the funeral expenses. But the husband's liability is primary and is not excused by insolvency. *Toppin* v. *Moriarty* (1899), 59 *N. J. Eq.* 115 (at *p.* 117); 44 *Atl. Rep.* 469; *Watt* v. *Atlantic Safe Deposit and Trust Co.* (*Court of Errors and Appeals,* 1920), 92 *N. J. Eq.* 224 (at *p.* 225); 112 *Atl. Rep.* 186; *Gould* v. *Moulahan* (1895), 53 *N. J. Eq.* 341; 33 *Atl. Rep.* 483; 30 *C. J.* 606-8, *tit.* "Husband and Wife," § 156; 27 *Am. Jur.* 58-9, *tit.* "Husband and Wife," § 459; *Barnes* v. *Starr* (*Maryland Court of Appeals,*

1923), 144 *Md.* 218; 124 *Atl. Rep.* 922; 34 *A. L. R.* 809 and *annotation* at 34 *A. L. R.* 812; *Magrath* v. *Sheehan* (*Massachusetts Sup. Jud. Court,* 1936), 5 *N. E. Rep.* (2d) 547; 108 *A. L. R.* 1223, and *annotation* at 108 *A. L. R.* 1226.

Defendant contends that his wife's misconduct excuses him from the duty of providing for her burial. He was not divorced and the marriage was not annulled. There was no adjudication exonerating him from supporting her during her lifetime. On the contrary, there was an order in force requiring him to support her. I am satisfied that the wife was mentally deranged long before she was committed and before defendant abandoned her. I am not satisfied that the defendant had sufficient grounds for divorce.

However, I am inclined to the view that even the established misconduct of the wife does not relieve an undivorced husband from his duty to bury her. His duty is to the public. See *Weinstein* v. *Lotsoff,* 232 *Ill. App.* 566, cited with approval in *Colovos* v. *Gouvas* (1937), 269 *Ky.* 752; 108 *S. W. Rep.* (2d) 820; 113 *A. L. R.* 871 (at *p.* 880); 27 *Am. Jur.* 58 and 59, *tit. "Husband and Wife,"* § 459, and *annotation* at 34 *A. L. R.* 812.

Defendant contends that the plaintiff was an officious intermeddler and that the public policy requiring a husband to pay for the funeral of his wife is not applicable because the state would have buried her.

Plaintiff was not an officious intermeddler. He had some interest in the burial of his sister. Even a stranger has the right to make the arrangements if the husband fails to do so or is absent. Plaintiff gave the defendant an opportunity to handle the arrangements. Defendant refused. Public policy does not favor burial at the public expense. Plaintiff had the right to make reasonable and necessary arrangements.

Counsel for defendant referred to *R. S.* 44:1-157; *N. J. S. A.* 44:1-157, as authority for his contention that the state would have provided a decent Christian burial. The state provides burial only for public charges.

Defendant was not a poor person within the meaning of the law. He was earning $30 per week. Under the law of this state that amount is subject to a wage execution. He was not

eligible for poor relief. He was not entitled to have his wife buried at public expense.

The husband's lack of means is of importance in determining whether the costs incurred for the wife's funeral are reasonable. There is no evidence before the court that the funeral bill incurred was in keeping with the means of the defendant. There is no evidence to the contrary, but the burden of proof is on the plaintiff. The court cannot take judicial notice of the usual cost of funerals nor of the minimum cost, nor of the extent of the services required in the case of a person of small means.

Defendant cites *R. S.* 30:5-16; *N. J. S. A.* 30:5-16 and *R. S.* 44:7-13; *N. J. S. A.* 44:7-13, to the effect that the state limits the cost of funerals for its public charges to $100.

The court can and does take judicial notice of this statutory determination of the reasonable cost of the funeral of a poor person. While defendant is not entitled to public support for himself, nor a funeral for his wife at public expense, nevertheless his means are so small that the statutory standard may properly serve as a guide in the absence of evidence.

The motions for a nonsuit and for a directed verdict are denied. There will be judgment for the plaintiff for $100 and costs of suit.